■ In the Matter of GUN HILL PLUMBING SUPPLY COMPANY, INC., et al., Petitioners, v RODERICK W. CHU et al., Constituting the State Tax Commission of the State of New York, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed under Tax Law article 22 and a corporate franchise tax assessment imposed under Tax Law article 9-A.

Petitioners Frank and Lydia Salzano filed State income tax returns for the years 1979 and 1980 which indicated that they derived substantially all their income from Frank Salzano's business, petitioner Gun Hill Plumbing Supply Company, Inc. (hereinafter Gun Hill). Since an inspection of the Salzanos' records revealed substantially more income than was reported on their income tax returns, an audit was performed utilizing the cash availability method. Briefly stated, a cash availability analysis compares a taxpayer's reported income for a particular period with his or her expenditures for the same period and any unexplained excesses of expenditures over reported income are treated as additional income (see, Matter of Giuliano v Chu, 135 AD2d 893, n). The audit revealed additional unreported income of $31,240 for 1979 and $40,911.46 for 1980. In October 1982, the Audit Division of the Department of Taxation and Finance issued a notice of deficiency to the Salzanos for personal income taxes in the amount of $9,981.71, plus penalties and interest. The Audit Division had also issued notices of deficiency against Gun Hill for the tax years ending December 31, 1979 and December 31, 1980.

Petitioners requested a hearing and, in May 1986, a consolidated hearing was held with respect to the assessments against Gun Hill and the Salzanos. The State Tax Commission canceled a sales tax assessment against Gun Hill, but sustained the corporate franchise tax assessment on the ground that Gun Hill failed to make a timely request for a redetermination. Additionally, the Tax Commission sustained the personal income tax assessment against the Salzanos on the ground that they had failed to meet their burden of proving that the assessment was in error or improper. This proceeding, transferred to this court pursuant to CPLR 7804 (g), ensued.

We turn first to the contention on behalf of Gun Hill that a notice of deficiency with regard to the corporate tax for 1979 was not properly issued. A notice of deficiency is to be sent by certified or registered mail to the taxpayer's last known address (Tax Law § 1081 [a]). Substantial compliance with this statute such that the taxpayer receives actual notice is generally sufficient (see, Matter of Agosto v Tax Commn., 68 NY2d 891). A taxpayer who wishes to file a petition for redetermination must do so within 90 days of the mailing of the notice of deficiency (Tax Law § 1089 [b]). Here, the Department conclusively established that a notice of deficiency was mailed for the 1980 tax year. With respect to the notice of deficiency for the 1979 tax year, a letter from Gun Hill's representative provides sufficient evidence to conclude that the 1979 notice of deficiency was received by Gun Hill. The letter from Gun Hill's representative was dated January 24, 1983 and had attached to it photocopies of both the 1979 and 1980 notices of deficiency which the company had received. These notices of deficiency had been issued by the Audit Division on September 6, 1982. Gun Hill did not file its petition challenging the assessment until December 22, 1982, more than 90 days after the notice of deficiency had been mailed. Hence, it was not error for the Tax Commission to conclude that Gun Hill received notices of deficiency and failed to file a timely petition.

Next, the Salzanos contend that the assessment of additional personal income tax against them is not supported by substantial evidence in the record. Where, as here, petitioners' income was not accurately reflected by their records, the use of an indirect auditing method, such as cash availability analysis, may be proper (see, Matter of Giuliano v Chu, 135 AD2d 893, supra; Matter of Jacobson v State Tax Commn., 129 AD2d 880, 881; Matter of Hennekens v State Tax Commn., 114 AD2d 599, 601). It is the taxpayer's burden to overcome a deficiency assessment by clear and convincing evidence as to both the method used and the assessment (Matter of Giuliano v Chu, supra, at 895). The Salzanos attempted to explain their high level of expenditures by claiming that they had been the recipients of numerous nontaxable gifts and that they had a large amount of cash on hand which they decided to spend in the years in question. Although the Salzanos testified with respect to this money, the assessment of the credibility of this testimony was for the Tax Commission (see, Matter of Jacobson v State Tax Commn., supra, at 881). The Tax Commission rejected the explanations asserted by petitioners and we see

no reason to disturb its finding. The unsworn letters submitted by petitioners are insufficient to provide clear and convincing evidence to explain the high level of expenditures. Given the lack of documentary evidence in support of petitioners and the fact that the record reflects excessive expenditures, we conclude that the Tax Commission's determination is supported by substantial evidence and should be upheld.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.