■ In the Matter of NICHOLAS KUCHEROV, Doing Business as NICK'S MARINE, Petitioner, v RODERICK G. W. CHU et al., Constituting the New York State Tax Commission, Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

On March 17, 1983 the State Tax Commission issued to petitioner, a retail seller of boats and trailers, a notice of determination and demand for payment of sales and use taxes, charging petitioner with tax due pursuant to Tax Law § 1138 for the period June 1, 1977 to November 30, 1980 in the amount of $38,863.78, a penalty of $17,621.17 and interest. Petitioner was accorded amnesty under the tax amnesty program leaving in dispute $31,620.77 in delinquent tax payments, a $15,810.41 fraud penalty (see, Tax Law § 1145 [a] [2]) and interest. Petitioner's challenge is not to the tax as calculated to be due, but to whether a fraud penalty lies and to the right of the Tax Commission, absent fraud, which he asserts has not been clearly and convincingly demonstrated, to collect taxes after expiration of the three-year Statute of Limitations (see, Tax law § 1147 [b]).

The Tax Commission found clear and convincing evidence of petitioner's fraudulent intent to evade payment to the State of sales tax collected from his customers based upon, inter alia, his use of two sets of invoices throughout the audit period, his failure to report or underreporting of certain sales for which he furnished MV-50 forms (certificates issued to boat purchasers certifying that petitioner had collected the requisite sales tax, thus enabling the purchasers to register their boats), 53 responses to Audit Division questionnaires addressed to petitioner's customers which disclosed underreporting, and the floor plan listing from petitioner's bank which in conjunction with a physical inventory of petitioner's premises indicated that he had sold boats without recording them in his sales

journal, the journal which most closely correlated with his sales tax return. Two invoices that might have explained the "disappeared" boats listed as the buyer of 28 and 29 used boats "Eastern Marine, New Jersey", an establishment which, according to the United States Coast Guard, does not exist. We confirm the Tax Commission's determination.

Our function is not, as petitioner perceives, to make a de novo review of the evidence, but rather to determine if the record supports the Tax Commission's finding of clear and convincing evidence of fraud (CPLR 7803 [4]). Petitioner's primary complaint is that much of the evidence against him was in the form of hearsay, thereby depriving him of the opportunity to cross-examine. However, it is now beyond question that hearsay can be the basis for an administrative decision *(Matter of Gray v Adduci*, 73 NY2d 741, 742). Furthermore, if, for instance, petitioner wished to cross-examine the customers who responded to the Audit Division's questionnaire so as to correct any ambiguity or misstatement the customers may have made or to test the reliability of the auditors' representation of petitioner's bank floor plan financing records, it was well within his subpoena power to do so *(see, supra*, at 743). Petitioner also suggests that a number of discrepancies may be explained away by typographical or accounting errors, but, even beyond failing to point out why such anomolies would not leave his books conspicuously out of balance, this does not nullify the compelling evidence of fraudulent intent manifested by a pattern of double invoicing and underreported sales.

Determination confirmed, and petition dismissed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.