■ In the Matter of FRANK LEOGRANDE, Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents.—Levine, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an income tax assessment imposed under Tax Law article 22.

In October 1984, an unsigned State resident income tax return for the year 1983 was filed in petitioner's name. The return listed no income, but as an entry on line 16 under "Other income" the following notation appeared: "Fifth & Sixth Amendments to Federal Constitution & applicable State Constitution". The return also indicated that petitioner had paid $1,284.52 in State estimated tax and $500 in New York City estimated tax for 1983. Subsequently, respondent Commissioner of Taxation and Finance conducted an audit of petitioner's income for 1983. Petitioner's income was estimated at $25,000, based on both his reported income for the previous year and his 1983 estimated tax payments. From the foregoing, petitioner's 1983 State income tax liability was calculated and a notice of deficiency was issued.

Petitioner thereafter filed a petition for redetermination. Following a hearing, an Administrative Law Judge (hereinafter ALJ) concluded that the deficiency assessment was without a rational basis and required annulment. Respondent Tax Appeals Tribunal (hereinafter respondent) reversed the ALJ's determination and reinstated the notice of deficiency. This CPLR article 78 proceeding ensued.

Respondent's determination should be confirmed. At the hearing before the ALJ, petitioner claimed that there was "no basis" for the estimations used by the Department of Taxation and Finance. However, petitioner submitted no evidence or testimony in support of his contention, and therefore failed to sustain his burden of proving by clear and convincing evidence that the deficiency assessment and the method used to arrive at the assessment were erroneous (see, Matter of Gun Hill Plumbing Supply Co. v Chu, 145 AD2d 769, 770). The Department had no burden to demonstrate the propriety of the assessment (see, Matter of Scarpulla v State Tax Commn., 120 AD2d 842, 843; Matter of Nicholls v State Tax Commn., 101 AD2d 950). Thus, "the failure of petitioner to produce any evidence demonstrating that the assessment was erroneous [left] standing the presumption of correctness which attached to the notice of deficiency" (Matter of Kourakos v Tully, 92 AD2d 1051, 1051-1052, appeal dismissed 59 NY2d 967, lv denied 60 NY2d 556, 699, cert denied 464 US 1070; see, Matter of Tavolacci v State Tax Commn., 77 AD2d 759).

Mercure, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.