■ In the Matter of SOL DREBIN, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [671 NYS2d 565] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of personal income tax imposed under Tax Law article 22.

At issue in this proceeding is the propriety of respondent Tax Appeals Tribunal's determination that petitioner should be assessed $207,614 in unpaid taxes, plus a penalty (*see,* Tax Law § 685 [p]) and interest, for tax years 1982 through 1987. As the determination is supported by substantial evidence, it should be confirmed and the petition dismissed.

During the tax years in question, petitioner was an electrical contractor who performed substantial electrical work for the City of New York although not specifically authorized to bid on such contracts. He obtained the business by acquiring a one-half ownership interest in Century Electrical Contracting Corporation pursuant to a 1981 agreement with Carl Weiss. Despite language in this agreement permitting both petitioner and Weiss to perform work for the City via Century, there is no evidence in the record that anyone other than petitioner actually performed any work.

During this same time period, petitioner was also an officer and shareholder of another closely held corporation, Intercity Electrical Contracting Corporation, of which his son was an officer as well. Between 1983 and 1987, these corporations, which were both run out of petitioner's house and over which petitioner had financial control, billed the City over $3.4 million for electrical work; significantly, however, neither corporation filed a corporate tax return for these years.

Petitioner's personal income tax deficiency in this proceeding was computed by utilizing figures generated by the New York County District Attorney in the course of a criminal investigation against him, his son, Intercity and Century concerning the corporations' repeated failures to file corporate tax returns. Following the criminal investigation, Intercity and Century were found to owe combined unpaid corporate taxes to the City and State in the amount of $106,625 and $118,372, respectively. In December 1988, a plea agreement was entered into between the District Attorney and petitioner, his son, Intercity and Century.

Pursuant to this agreement, both corporations pleaded guilty to repeated failure to file corporate taxes in violation of Tax Law § 1803 and Administrative Code of the City of New York § 11-4003; Intercity executed a confession of judgment acknowledging the debts of *both* corporations and agreeing to pay them (as well as a criminal fine) and petitioner was not criminally prosecuted "for his participation in the failure of Intercity and Century to file [C]ity and [S]tate tax returns for the calendar year of 1982 through and including 1987". Petitioner's son executed waivers of indictments on behalf of himself and both corporations and also pleaded guilty to two misdemeanors. After completion of the criminal proceedings, the Department of Taxation and Finance initiated a personal income tax audit of petitioner resulting in the deficiency now being protested.

Petitioner bore the burden of proving that the tax assessment against him, including the methodology used to arrive at

it, was inappropriate or inaccurate (*see, e.g., Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 195-196; *Matter of Leogrande v Tax Appeals Tribunal*, 187 AD2d 768, 769, *lv denied* 81 NY2d 704; *Matter of Gun Hill Plumbing Supply Co. v Chu*, 145 AD2d 769, 770). Significantly, if there are any facts or reasonable inferences from the facts to support the administrative determination, it must be upheld (*see, Matter of Jacobson v State Tax Commn.*, 129 AD2d 880). The Tribunal found, and the record supports, that petitioner wholly failed to carry his burden of proving that the assessment was erroneous.

The crux of petitioner's claims are that he never personally realized any of the net profit from either Intercity or Century, which he claims are totally separate corporations in which he shares ownership interest with others, other than his reported annual salary from Intercity. Despite ample opportunities to do so, however, he provided no financial documentation or records of either corporation to support these contentions. Indeed, in the course of the audit, petitioner was given an opportunity to explain what happened to the corporations' net profits as calculated during the criminal proceeding. While his accountant initially denied knowledge of the income, he later conceded that the unreported income was received by petitioner but was allegedly given away as charitable contributions. Requests to verify this allegation went unanswered. Similarly, despite assertions by petitioner that he did "all the bookkeeping and billing work for [Weiss]" and that he kept "strict books of all payments received, and all payments that were paid to * * * Weiss", he never presented any documentation of these alleged payments which might have substantiated his claims that a large portion of Century's earnings went to Weiss (and not him).

The unrefuted evidence demonstrates that the gross receipts of Intercity and Century between 1982 and 1987 were $4,735,075 from which $1,183,768 in net profits were extrapolated. These figures were agreed to by petitioner's attorney on his behalf and on behalf of both corporations in the course of the criminal plea agreement.* Although he claims that these figures "do not accurately reflect [his] businesses" and that he only agreed to them in the course of the criminal prosecution to avoid potential incarceration, petitioner presented no evidence in this proceeding to demonstrate that they were erroneous.

In the absence of any evidence from petitioner demonstrat-

---

* Petitioner's son also agreed to these figures during that proceeding.

ing any inaccuracy in the net profit figures or, more importantly, the distribution of these funds, it was not an unreasonable inference that he, as an owner and shareholder of these closely held corporations, personally received the net profits as income or constructive dividends. Accordingly, the imposition of the income tax deficiency against petitioner is supported by substantial evidence (*see, e.g., Matter of Koren-Di Resta Constr. Co. v State Tax Commn.*, 138 AD2d 909, *lv denied* 72 NY2d 805; *Matter of S. H. B. Super Mkts. v Chu*, 135 AD2d 1048; *Matter of Giuliano v Chu*, 135 AD2d 893).

Petitioner's remaining contentions have been reviewed and none warrants annulment of the determination.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.