■ In the Matter of JOSEPH MACALUSO et al., Petitioners, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. In the Matter of SIPAM CORPORATION, Petitioner, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [686 NYS2d 193] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained a deficiency of personal income tax imposed under Tax Law article 22.

Petitioner Sipam Corporation, of which petitioner Joseph Macaluso (hereinafter Macaluso) was president and a 50% shareholder, owned and operated a motel in Staten Island. The motel, whose clientele consisted primarily of recipients of public assistance, was sold in 1985 to an unrelated party. Thereafter, following an audit by respondent Department of Taxation and Finance (hereinafter the Department), deficiencies, penalties and interest were assessed against Sipam and Macaluso for the tax years 1983, 1984 and 1985; Macaluso's wife, petitioner Josephine Macaluso, was also held liable for these deficiencies. An Administrative Law Judge (hereinafter the ALJ), having dismissed petitioners' challenge to the deficiencies and respondent Tax Appeals Tribunal (hereinafter the Tribunal) having affirmed the ALJ's determination, petitioners commenced this CPLR article 78 proceeding.

It is petitioners' contention, notwithstanding the Department's contrary findings, that Macaluso did not derive constructive dividends from Sipam—that the Department wrongly transformed its disallowance of certain of Sipam's business expenses and unsubstantiated loans into constructive dividends to the Macalusos; that Josephine Macaluso qualified

for innocent spouse relief; and that Sipam had completely liquidated within the meaning of 26 USC former § 337, so that any gain occasioned by the sale of the motel was excludable from its income for New York corporate franchise tax purposes. The onus being on the taxpayer to overcome the tax assessment (*see, e.g., Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 195-196; *Matter of Leogrande v Tax Appeals Tribunal*, 187 AD2d 768, 769, *lv denied* 81 NY2d 704), and petitioners having failed to do so, we affirm.

In the course of auditing petitioners, the Department's several requests for Sipam's business records—i.e., canceled checks, invoices and receipts to verify claimed expenses and deductions—yielded only a disbursement journal, an internal record keeping document which merely reflected various disbursements. The Department not improperly disregarded approximately 50% of Sipam's claimed expenses because the proper documentation to support the deductions was lacking. And, as Sipam was unable to produce proof substantiating a number of loans purportedly made to other businesses, and the Department was not able to independently verify their existence, they, too, were disallowed. Sipam's indifferent record keeping, coupled with incontrovertible evidence that Macaluso, the president and a principal shareholder of Sipam, was empowered to authorize loans "at his own discretion" and had "complete and total control [of] all financial decisions" affecting the corporation, makes the Department's determination to attribute the economic benefit of the disallowed expenses and unsubstantiated loans to Macaluso convincingly fair (*see, Matter of Drebin v Tax Appeals Tribunal*, 249 AD2d 716, 718-719).

Nor can countenance be given to petitioners' claim that Josephine Macaluso was an innocent spouse as defined by Tax Law § 651 (b) (5) and thus could not be held liable for Macaluso's tax debt. Macaluso's conclusory assertion, the only proof in the record on this issue, that his wife never knew what he did with regard to his business is not enough to establish, as the statute requires, that she neither knew nor had reason to know of the tax deficiency (*see*, Tax Law § 651 [b] [5]).

Also unavailing is petitioners' argument that Sipam complied with 26 USC former § 337 (a) (2), and hence was not required to recognize a gain or loss on the sale of the motel. To support their position that Sipam, as it was constrained to do, adopted a plan of liquidation and distributed all its assets within 12 months, petitioners point to the fact that with the motel's sale, Sipam's remaining corporate asset was a lot adjacent to the motel, which Sipam had agreed to sell in 1985, and which the

buyer undertook to lease until the sale's completion; the term of the lease was 20 years, with the further proviso that the lease would terminate when Sipam conveyed good and marketable title. In 1989, the transaction not yet having been consummated, Sipam transferred the lot to Macaluso. Given this circumstance, the Tribunal not unreasonably concluded Sipam failed to distribute all of its property within 12 months of the sale of the motel.

Cardona, P. J., Mikoll, Mercure and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.