

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2002

# Visco v. Commissioner IRS

Precedential or Non-Precedential:

Docket 0-2049

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Visco v. Commissioner IRS" (2002). *2002 Decisions.* Paper 116.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/116

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 13, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2049

DIANA T. VISCO,
        Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE

On Appeal From the United States Tax Court
(No. 97-23336)
Tax Court Judge: Honorable Robert P. Ruwe

Submitted Under Third Circuit LAR 34.1(a)
November 20, 2001

Before: NYGAARD, MCKEE and GARTH, Circuit Judges .

(Filed: February 13, 2002)

OPINION OF THE COURT

PER CURIAM:

Diana Visco appeals the United States Tax Court's decision sustaining the Internal Revenue Service's ("IRS") determination of a deficiency in Visco's 1992 Federal income tax.[1] We will affirm the Tax Court's order for the reasons that follow.

I.

Visco was employed as a reading specialist for the Cheltenham Township School District (the "district") until 1989.[2] Visco was asked not to return to work in June of 1989, and in August 1989 was suspended. The district's school board (the "board") voted to dismiss Visco in November 1989. Visco appealed this decision. The Secretary of Education for the Commonwealth of Pennsylvania ("Secretary") reversed the board's decision and ordered the district to reinstate Visco to the same or a comparable position and to award her back pay with interest for the years she was wrongfully dismissed. The board appealed, but the Secretary's order was affirmed by the Commonwealth Court of Pennsylvania on June 3, 1991. Visco returned to employment at the district for the 1991–1992 school year, and was compensated for her work that year. She did not return to work after June 1992.

In compliance with the Secretary's order, the district attempted to pay Visco her back pay for the 1989-90 and 1990-91 school years. The district first issued two checks on February 25, 1992 representing salary for the two years, plus interest, less payroll deductions. Visco never cashed

_____

1. The Tax Court reversed the Commissioner's assessment of an addition to tax pursuant to 26 U.S.C. S 6651(a)(1). The IRS does not challenge this ruling.

2. Unless otherwise indicated, the factual history is taken from the "Findings of Fact" in the Tax Court's opinion. See Visco v. CIR, No. 23336-97, slip op. (U.S.Tax.Ct. March 7, 2000).

2

these checks, and they were later voided by the district. On December 21, 1992, the district again issued Visco two checks, again for the back pay for the two school years, plus interest, less payroll deductions. These checks, along with a third for reimbursement for health benefits Visco had not received, were delivered by courier to Visco on December 28, 1992. She took the checks from the courier, telephoned the district's attorney to inform him she was refusing the checks, and then returned the checks to the courier.

The district mailed Visco a Form W-2 for 1992, showing taxable income and withholdings for 1992. It reflected the salary she earned for 1992, plus the back pay she was issued. On April 15, 1993, Visco filed a Form 4868, "Application for Automatic Extension of Time to File U.S. Individual Income Tax Return." Visco then filed a Form 4852, "Substitute for Form W-2, Wage and Tax Statement of Form 1099R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRA's, Insurance Contracts, etc." She filed this Form with the Criminal Investigation Unit of the IRS in June 1993. In her substitute Form W-2, Visco explained why she believed the district's W-2 was inaccurate:

> (1) Money reported as earnings may actually be monies illegally withheld from taxpayer's retirement fund during the years of credited service (1963-1992);
>
> (2) If, money reported as earnings, constitute employer contractual liability for wrongful discharge of taxpayer, the amount entered is inaccurate. . . . .;
>
> (3) Monies issued to taxpayer identified as payroll checks . . . dated December 21, 1992 are not constructively received because they are inaccurately identified as retirement salary. Taxpayer has not filed for any application for retirement allowance. Moreover, these checks serve to validate a grossly inaccurate retirement fund. Consequently, the taxpayer does not know how to complete tax filing for the 1992 tax year and

3

> kindly requests a thorough investigation into this
> matter.

Visco v. CIR, at 6 (quoting Substitute form W-2) (footnotes omitted). Along with her substitute Form W-2, Visco submitted a letter requesting a criminal investigation into the matter, in which she stated that she wished to file her 1992 tax return in a way which would allow her to preserve her legal rights. Visco then filed a Form 2688,"Application for Additional Extension of Time to File U.S. Individual Income Tax Return," explaining that she was waiting for information regarding her criminal investigation.

After Visco's refusal of the two checks, the Commonwealth Court ordered the district to pay the total back pay, plus interest and less payroll deductions, to the Commonwealth Court. The Commonwealth Court later opened a bank account with Dauphin Deposit Bank and Trust Co. for Visco's benefit, and notified Visco by letter that her back pay had been deposited in an interest bearing account. On August 28, 1997, the IRS mailed a statutory notice of deficiency to Visco for the taxable year 1992.

Visco has neither attempted to access the fund in the Dauphin bank account, nor filed an income tax return for 1992.

II.

The Tax Court determined that Visco's gross income for the taxable year 1992 included the paychecks she received and cashed for her work in the district in 1992 ($38,223.86). With respect to the back pay and interest thereon, Visco argued, in the alternative that (1) she never received these amounts; (2) the money was a damage award and not back pay; and (3) the income is an unauthorized withdrawal from her pension plan. The Tax Court concluded that Visco constructively received the back pay and interest on the back pay. Accordingly, the Tax Court determined that the back pay and interest on back pay must be included in Visco's 1992 gross income.

III.

On appeal, Visco raises three claims: (1) "[t]he chamber conference held on January 19, 1999, immediately prior to

4

the petitioner's bench trial culminated pre-trial practice governed by the court that unfairly restrained petitioner's discovery of respondent's case"; (2) "[t]he chamber conference held on January 19, 1999 immediately prior to the petitioner's bench trial culminated pre-trial practice governed by the court that unfairly restrained petitioner's development of her defense through substantive facts to be made a part of the required stipulation of fact;" and (3) "[t]he court committed plain error by entering findings and opinion of tax deficiency predicated on legally insufficient evidence and exclusion of substantive fact through trial governance that manifested an arbitrary application of motion in limine practice."

Visco's first and second claims relate to pretrial practice, and are raised for the first time in this appeal. As these claims were not raised before the Tax Court, we will not consider them. Resyn Corp. v. United States, 851 F.2d 660, 664 (3d Cir. 1988) (citing Singleton v. Wulff , 428 U.S. 106, 120, 96 S.Ct. 2868, 2877 (1976). Further, as these claims were not preserved below, they have been waived. See Holmes v. Pension Plan of Bethlehelm Steel Corp., 213 F.3d 124, 139 (3d Cir. 2000). Visco was given the opportunity to object to the pre-trial procedures, specifically the adoption of the factual stipulations. She made no objections, but instead endorsed the proceedings. (Notes of Transcript ("Tr.")3 at 3).

Visco's final claim appears to allege that the Tax Court's opinion was based on insufficient evidence. This claim is belied by the record before us. There was ample evidence in the record to support the Tax Court's decision. The Tax Court's opinion thoroughly outlines why Visco's challenges fail under each of the alternative theories she presented. First, the Tax Court correctly found that Visco had constructively received the monies from the district. Visco argues that because she neither accepted nor cashed the checks from the district, and she failed to access the Dauphin Bank account, she never "received" the funds. "So long as the `income . . . is subject to a man's unfettered

_____

3.  Transcript of proceedings in United States Tax Court on Tuesday, January 19, 1999.

command and . . . he is free to enjoy [it] at his option[, it] may be taxed to him as income, whether he sees fit to enjoy it or not.' " Leavens v. CIR, 467 F.2d 809, 813 (3d Cir. 1972) (quoting Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 337 (1930)). There were no restrictions on the money when the district mailed Visco the checks or when they were delivered to her by courier. See Walter v. United States, 148 F.3d 1027, 1029 (8th Cir. 1998). Further, to access the Dauphin Bank account, Visco need only write a letter to the Commonwealth Court informing the court of her interest in accessing the money, and the court will notify the bank that Visco may receive the money. (Tr. at 126). Visco had unfettered access to and control of the money; she just chose not to touch it.

Visco also asserts that the money from the district is not back pay, but rather represents a settlement in a tort-like situation. We agree with the Tax Court that there is nothing in the record to support this claim. However, even if this were an accurate description of the circumstances, settlement funds would still be included in Visco's taxable income for 1992. See Greer v. United States, 207 F.3d 322, 326 (3d Cir. 2000) (noting that settlement agreements constitute gross income unless expressly excepted) (citations omitted).

Finally, Visco alleges that the money from the district is not for back pay, but rather involved her retirement salary. There is nothing in the record to indicate that Visco's retirement fund is involved with these payments from the district, nor has she adequately explained her belief that retirement funds were involved in this transaction. The Tax Court correctly found this claim without merit.

As the Tax Court noted, it appears that Visco had genuine concerns about the nature of her taxable income for the year 1992, and refrained from filing her income tax return until the matter could be resolved. Nevertheless, we agree with the Tax Court's conclusion that the payments of back pay, plus interest, were taxable income for 1992, and as such the deficiency determined by the IRS stands. 4

_____

4. The total amount of Visco's deficiency for 1992 was determined to be $37,224. However, this is the total amount she owed for the year. The district withheld $35,134.61 in federal taxes from Visco's paychecks in 1992. Visco then must only make a payment of the difference, $1,980 (plus interest).

6

We will affirm the decision of the Tax Court. Visco's motion for correction or modification of the record pursuant to F.R.A.P. 10(e) is denied.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit