■ In the Matter of FUCHSBERG & FUCHSBERG, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [786 NYS2d 257]—

Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained eight notices of deficiency against petitioner.

Petitioner, a law firm generally representing clients in personal injury cases and paid by contingency fee, obtained its clients through referrals from attorneys working outside the firm, as well as those working as associates within the firm. Petitioner compensated both groups of attorneys for the referrals with a share of any contingency fees received and treated all referring attorneys, whether associates or not, as independent contractors. Petitioner concededly did not withhold payroll taxes from the referral fees and instead reported those fees to the recipients and to the state via forms "1099." Thus, petitioner's associates received both a salary for their legal services, from which payroll taxes were withheld, and compensation as independent contractors for cases they referred to petitioner. The parties do not dispute that petitioner's associates reported and paid taxes on all compensation received as referral fees or that the fees were based on referral alone and independent of any work that the referring associate may have done on the case.

Nonetheless, in 1997, the Division of Taxation commenced a withholding audit of petitioner and ultimately determined that the referral fees paid to petitioner's associates should have been treated as employee wages and subject to withholding. Thereafter, the Division issued eight notices of deficiency against petitioner. While the Division did not assess any withholding tax underpayments or a penalty, it charged petitioner for approximately $29,000 in interest, which accrued from the time the payroll taxes should have been withheld to the time that the associates reported the referral fees and paid the income tax due. After the Bureau of Conciliation and Mediation Services sustained the notices of deficiency, a hearing was held before an Administrative Law Judge (hereinafter ALJ), who determined that petitioner properly characterized its associates as independent contractors for purposes of the referral fees. The ALJ further determined that even if such characterization was improper, petitioner would qualify for relief under section 530 of the Revenue Act of 1978 (Pub L 95-600, 92 US Stat 2763, 2885-2886). Upon respondent Tax Appeals Tribunal's reversal of both find-

ings, petitioner commenced this CPLR article 78 proceeding, arguing that the determination that its associates should be treated as employees, as opposed to independent contractors, with respect to compensation for client referrals is not supported by substantial evidence. We disagree.

The Tax Law requires employers to withhold income tax from "wages" paid to "employee[s]" (*see* Tax Law § 671 [a] [1]; 20 NYCRR 171.1 [a]). If an employer fails to withhold the required taxes but the taxes are ultimately paid, the employer nevertheless "shall not be relieved from liability for any penalties, interest, or additions to the tax otherwise applicable in respect of such failure to deduct and withhold" (Tax Law § 676). Inasmuch as the Tribunal's " 'interpretation relies upon the special competence the agency is presumed to have developed in its administration of the statute,' " we conclude that its interpretation is entitled to deference and will be upheld if supported by a rational basis (*Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231 [1996], quoting *Matter of Rosen v Public Empl. Relations Bd.*, 72 NY2d 42, 47 [1988]; *see Matter of Mobil Intl. Fin. Corp. v New York State Tax Commn.*, 117 AD2d 103, 106-107 [1986]). Here, the Tribunal concluded that contrary to the ALJ's approach, the dispositive question is whether the referral fees paid to the associates in question were "wages," instead of whether petitioner's associates were independent contractors or employees for purposes of the referral fees. While an individual may be both an employee and an independent contractor at the same time (*see e.g. United States v Isaksson*, 744 F2d 574, 576-577 [7th Cir 1984]), inasmuch as it is undisputed that petitioner's associates were employees, we cannot say that the Tribunal, in focusing on whether the referral fees paid to those employees were wages, acted irrationally. Nor can it be said that the determination that the fees constituted wages was unreasonable.

The applicable regulations expressly adopt the federal definitions of terms such as "employee" and "wages" for state income tax withholding purposes (*see* 20 NYCRR 171.1 [b]). The Internal Revenue Code defines the term "wages" as "all remuneration . . . for services performed by an employee for his [or her] employer" (26 USC § 3401 [a]). Moreover, "[t]he name by which the remuneration for services is designated is immaterial. Thus, salaries, fees, bonuses, commissions on sales . . . are wages within the meaning of the statute if paid as compensation for services performed by the employee for his [or her] employer" (26 CFR 31.3401 [a]-1 [a] [2]). The Internal Revenue Service has interpreted these regulations broadly (*see e.g.* Rev

Rul 72-119, 1972-1 Cum Bull 312 [1972]; Rev Rul 68-324, 1968-1 Cum Bull 433 [1968]) and, notably, the Tribunal's determination is supported by a ruling that "[c]ommissions paid by a company to its employees for submitting names of prospective customers to whom merchandise was sold are 'wages'" (Rev Rul 69-452, 1969-2 Cum Bull 181 [1969]).

The testimony elicited before the ALJ further bolsters the Tribunal's determination that the referral fees were wages because they were paid for typical duties of petitioner's associates, rather than a separate and distinct service from that for which the associates were employed. Mark Bower, an attorney formerly employed by petitioner and who testified regarding general custom among personal injury lawyers, stated that associate referrals were an integral part of petitioner's business and that personal injury associates have the obligation to offer client referrals to their employer on the right of first refusal basis. In addition, petitioner's managing partner, Abraham Fuchsberg, acknowledged that while many of petitioner's associates did not and were not required to generate any referrals, it was implicitly understood that attorneys would offer their referrals to the firm before, on rare occasions, referring a case to another firm. Indeed, a written loan agreement executed during the years at issue expressly stated that "pursuant to the usual understanding that [petitioner] has with its associate attorneys, [an associate] is required to refer to [petitioner] all cases and legal matters in which he [or she] is retained or which are referred to him [or her] while associated with [petitioner]." In our view, substantial evidence supports the Tribunal's determination that case referral to petitioner was a normal and customary duty of petitioner's associates and, thus, the referral fees paid were wages for income tax purposes. Accordingly, we will not disturb that determination despite the existence of evidence in the record to support a contrary conclusion (*see Matter of Menik v Roth*, 280 AD2d 702, 703 [2001]; *Matter of Buzzard v Tax Appeals Trib. of State of N.Y.*, 205 AD2d 852, 853 [1994]).

We further reject petitioner's argument that the Tribunal erred in ruling that petitioner did not qualify for relief under the "safe harbor" provisions of section 530 of the Revenue Act of 1978 (Pub L 95-600, 92 US Stat 2763, 2885-2886). That statute provides that unless an employer "had no reasonable basis for not treating [an] individual as an employee," the employer may be entitled to withholding relief if, among other things, the employer *"did not treat [the] individual as an employee for any period"* with respect to employment taxes and *"all [f]ederal tax returns* (including information returns) required to be filed by

the [employer] with respect to such individual for such period are filed on a basis consistent with the [employer's] treatment of such individual as not being an employee" (Pub L 95-600, § 530 [a] [1] [emphasis added]). Inasmuch as petitioner treated its associates as employees and filed tax returns consistent with that treatment, the Tribunal properly concluded that safe harbor relief is unavailable here.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.