■ In the Matter of MICHAEL BREW, Petitioner, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [802 NYS2d 522]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Board of Parole which revoked petitioner's parole.

Following his conviction on drug charges in 1980, petitioner was sentenced to three years to life in prison. Thereafter, he was released to parole supervision a number of times but was reincarcerated after various parole violations. On June 16, 2003, after his most recent release on parole, he traveled to Dutchess County without the permission of his parole officer and, while apparently inebriated, assaulted his pregnant girlfriend. As a result, he was charged with violating four conditions of his parole, specifically, assaulting his girlfriend, resisting arrest, using alcohol, and leaving New York City without his parole officer's permission. After a hearing, an Administrative Law Judge (hereinafter ALJ) found petitioner guilty of all charges, except for using alcohol, and imposed a delinquent time assessment of 48 months. The ALJ's determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. Substantial evidence, consisting of the girlfriend's testimony regarding petitioner's conduct on the date in question as well as petitioner's admission that he traveled to Dutchess County without his parole officer's authorization, provide substantial evidence supporting the determination at issue (see Matter of Ciccarelli v New York State Div. of Parole, 11 AD3d 843, 844 [2004]). Petitioner's denial that he physically abused his girlfriend and failed to cooperate with the police presented a credibility issue for the ALJ to resolve (see Matter of

*Poladian v Travis*, 8 AD3d 770, 770 [2004]). Upon reviewing the record, we find no merit to petitioner's claim that the hearing was unfair or that the delinquent time assessment was excessive under the circumstances presented here (*see Matter of Krouth v New York State Bd. of Parole*, 184 AD2d 1012, 1013 [1992], *lv denied* 80 NY2d 758 [1992]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.