█ In the Matter of HAZEL RUBIN, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [814 NYS2d 804]—

Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner and her husband, filing joint personal income tax returns, were audited for the years 1994 through 1996. On January 19, 1999, they were issued a notice of deficiency assessing additional taxes, plus penalties and interest, for a total amount of $3,367,602.31, as a result of a finding that they had improperly filed as nonresidents. The New York State Bureau of Conciliation and Mediation upheld the notice of deficiency after a conference and a redetermination was sought from the Division of Tax Appeals. During those hearings, petitioner and her husband contended that they were not present in New York State for the requisite number of days to be considered state residents. The administrative law judge (hereinafter ALJ) upheld the notice of deficiency, sustained the penalties imposed and rejected petitioner's assertion that she qualified for in-

nocent spouse relief under Tax Law former § 651 (b) (5) (A).[1] Respondent Tax Appeals Tribunal affirmed the ALJ's determination. This CPLR article 78 proceeding followed.

Petitioner does not challenge the determination that she and her husband were residents of this state for income tax purposes during the audit years. Instead, she alleges error in the rejection of her claim for innocent spouse relief pursuant to Tax Law former § 651 (b) (5) (A). She also contends that she should have been relieved of statutory penalties and that the Tribunal erroneously adopted the ALJ's rejection of her husband's testimony.

Reviewing petitioner's arguments regarding her ability to claim innocent spouse status under Tax Law former § 651 (b) (5) (A), we recognize that the Tribunal's decision will be confirmed, even if a different conclusion could possibly be reached, if it is "rationally based upon and supported by substantial evidence" (*Matter of Transervice Lease Corp. v Tax Appeals Trib. of State of N.Y.*, 214 AD2d 775, 777 [1995]; *see Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y.*, 19 AD3d 886, 889 [2005]). Here, the facts reveal that during the audit years, petitioner and her husband leased[2] two separate apartments in the same building in New York City and changed their domicile from the Town of Scarsdale, Westchester County, to one of their New York City apartments in July 1994 when they sold their Scarsdale home. Although petitioner and her husband considered such move temporary while they continued their search for a house in Greenwich, Connecticut, they did not move to Greenwich until June 1995; both had New York State driver's licenses and vehicles registered within the state. Due to their filing of joint personal income tax returns as nonresidents, they were taxed only on their New York source income (*see* Tax Law § 631 [a] [1]; *Matter of Schibuk v New York State Tax Appeals Trib.*, 289 AD2d 718, 719 [2001], *lv dismissed* 98 NY2d 720 [2002]), as opposed to all income, from within or without the state, as residents. This resulted in a substantial understatement of their taxable state income, despite the inclusion of their non-New York source income in the "Federal Amount" column on each of the returns for the audited years. Alleging that she was never involved in the financial aspects of the marriage and that she relied upon her husband

1. Although this provision was in effect for the years in which petitioner and her husband were audited, it was repealed in 1998 (*see* L 1998, ch 567).

2. One apartment was leased in the name of petitioner's husband since 1991, whereas the larger apartment, into which they moved after selling their home in the Town of Scarsdale, Westchester County, was leased in 1992 in their daughter's name with petitioner's husband as the guarantor.

and the professional services he received in connection with the preparation of these returns, petitioner seeks innocent spouse status (*see* Tax Law former § 651 [b] [5] [A]).

As the wording of this provision is almost identical to its parallel provision in the Internal Revenue Code (*see* 26 USC § 6013 [e] [1]),[3] both the state and federal courts (*see e.g. Matter of Macaluso v New York State Dept. of Taxation & Fin.*, 259 AD2d 795, 796 [1999]; *Resser v Commissioner of Internal Revenue*, 74 F3d 1528, 1535 [1996]; *Bliss v Commissioner of Internal Revenue*, 59 F3d 374, 378 [1995]; *Friedman v Commissioner of Internal Revenue*, 53 F3d 523, 528-529 [1995];[4] *Purcell v Commissioner of Internal Revenue*, 826 F2d 470, 473 [1987], *cert denied* 485 US 987 [1988]) indicate that despite its liberal construction, one claiming an entitlement to its benefits must establish, by a preponderance of the evidence (*see Friedman v Commissioner of Internal Revenue, supra* at 528-529), that at the time the joint return was signed, he or she could not have been expected to know of the grossly erroneous item due to the active deceit or evasion of the culpable spouse (*see Resser v Commissioner of Internal Revenue, supra* at 1541-1542). Moreover, if the allegedly erroneous item had a factual or legal basis when made, relief under this provision will be precluded (*see Friedman v Commissioner of Internal Revenue, supra* at 529; *Purcell v Commissioner of Internal Revenue, supra* at 475-476). Here, there was no evidence that petitioner's husband ever attempted to conceal the excluded income; it was plainly designated in the federal column and petitioner should have noticed it when she signed each return. Substantial evidence also supports the finding that the audited filings had a factual or legal basis. Petitioner and her husband acted under the premise that they were nonresidents during such time due to their extensive travel schedules and their temporary, later made permanent, move to Greenwich, Connecticut.

Next addressing whether the penalties imposed pursuant to Tax Law § 685 (b) should have been abated for petitioner, we note that it was petitioner's burden to establish a reasonable cause to explain why the required payments were not made (*see Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d 751, 753 [2002]; *Matter of Bachman v State Tax Commn.*, 89 AD2d 679, 680 [1982]). Other than an argument grounded in equity, she proffered no viable evidence to

---

3. This subsection was repealed on July 22, 1998.

4. *Friedman* was later vacated when the innocent spouse statute, 26 USC former § 6013 (e) (2), was replaced by 26 USC § 6015 (b) (1) (B) (*see Friedman v Commissioner of Internal Revenue*, 159 F3d 1346 [1998]).

sustain this burden; " 'claimed ignorance of the law and reliance on erroneous professional advice' " is not sufficient (*Matter of Schibuk v New York State Tax Appeals Trib., supra* at 721, quoting *Matter of Gordon v Tax Appeals Trib.*, 243 AD2d 828, 830-831 [1997]).

Rejecting petitioner's remaining claim that the Tribunal erred in affirming the ALJ's assessment of her husband's credibility, we note that the ALJ has discretion to resolve credibility issues that arise during these proceedings (*see Matter of Brew v New York State Div. of Parole*, 22 AD3d 930, 930 [2005]). These determinations will be upheld if they are supported by substantial evidence (*see Matter of Courtney v New York State Div. of Parole*, 283 AD2d 707, 707 [2001]). Despite testimony that petitioner's husband suffers from Alzheimer's disease and that he had previously pleaded guilty to conspiracy to commit securities fraud in connection with a business deal, there was no evidence, contrary to petitioner's assertions, that the ALJ wholly disregarded his testimony. Instead, the ALJ appropriately assessed the weight to be accorded to the testimony of petitioner's husband and found, based thereon and the dearth of his documentary proffer, that he failed to sustain his burden of proof on the issue of residency.

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.