

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2009

# Wayne Frederick v. Commissioner of Inte

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1376

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wayne Frederick v. Commissioner of Inte" (2009). *2009 Decisions.* Paper 1356.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1356

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-166                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1376
_____

WAYNE G. FREDERICK,
                                                Appellant

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal from the United States Tax Court
(Tax Ct. No. 12437-06L)
Tax Court Judge:  Honorable James S. Halpern

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 23, 2009

Before: RENDELL, HARDIMAN and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 18, 2009)
_____

OPINION
_____

PER CURIAM

 Wayne G. Frederick appeals an order of the United States Tax Court sustaining the

decision of the Internal Revenue Service ("IRS") to proceed with a collection against him

pursuant to the Internal Revenue Code, 26 U.S.C. §§ 6320 and 6330.  We will affirm.

Frederick's 2004 tax return indicated that he had a tax liability of $5,394, but withholdings of only $3,414.[1] He did not pay the tax owed. The IRS assessed Frederick's tax liability and the appropriate additions to tax for failure to timely pay, failure to pay estimated tax, and interest. See 26 U.S.C. §§ 6651(a)(2); 6654; and 6601. On September 17, 2005, the IRS issued a Final Notice of Intent to Levy. In response, Frederick filed a timely request for a Collection Due Process Hearing, asserting that his "[e]mployer is not withholding the proper amount," and that he was not liable for any resulting tax underpayment. Following a telephone conference with an IRS Appeals Officer, the Appeals Office rejected Frederick's contention and issued a final Notice of Determination, concluding that the Notice of Intent to Levy was appropriate.

On June 28, 2006, Frederick filed a petition in Tax Court, challenging the Notice of Determination. He maintained that he was not responsible for any tax liability beyond the amount that had already been withheld from his wages. The parties filed a "Stipulation of Facts," which set forth the procedural history of the case and included a number of exhibits. The Tax Court sustained the Appeals Office's determination, noting that a taxpayer is required to report and pay tax on his income, even where his employer failed to withhold the correct amount of tax.

Frederick filed a timely notice of appeal. On appeal, he submitted a "Motion for

---

[1] The latter amount consisted of $2,631 withheld by Frederick's employer from his earned wages, and $783 withheld by the Defense Finance and Accounting Service from a retirement distribution.

2

Reconsideration," which we construe as a motion for summary reversal of the Tax Court's decision. The Commissioner opposes this motion and seeks summary affirmance.

We have jurisdiction pursuant to 26 U.S.C. § 7482(a). We exercise plenary review over the Tax Court's conclusions of law, and review any factual findings for clear error. See PNC Bancorp, Inc. v. Comm'r of Internal Revenue, 212 F.3d 822, 827 (3d Cir. 2000). We will affirm for substantially the same reasons set forth in the Tax Court's opinion.

Frederick claims that the full amount of the assessed liability is "beyond his responsibility" because his employer "miscalculat[ed]" his withholdings. Importantly, however, Frederick's underlying tax obligation is not determined by the amount of tax withheld by his employer. See Church v. Comm'r of Internal Revenue, 810 F.2d 19, 20 (2d Cir. 1987) ("It is clear that the failure of an employer to meet its obligation to withhold income tax does not in any way lessen the obligation of an employee to pay income tax."). In addition, Frederick's assertion that "his withholdings are in accordance with Publication 15, Circular E, Employer's Tax Guide" is of no consequence. See CWT Farms, Inc. v. Comm'r of Internal Revenue, 755 F.2d 790, 803 (11th Cir. 1985) ("It is settled law that Treasury publications . . . which purport to provide a general explanation of the revenue laws . . . are simply guidelines for taxpayers and do not bind the Commissioner in subsequent litigation."). Finally, Frederick complains that he did not have an opportunity to review and respond to the "Stipulation of Facts" because it was

3

not filed until the day of the Tax Court hearing. But Frederick specifically agreed at that hearing to have the Tax Court receive the Stipulation into evidence. Consequently, we will not consider his present challenge. See Visco v. Comm'r of Internal Revenue, 281 F.3d 101, 104 (3d Cir. 2002).

For the foregoing reasons, we grant the Commissioner's motion for summary affirmance and will affirm the decision of the United States Tax Court.[2]

---

[2] Frederick's "Motion for Reconsideration," which we construe as a motion for summary reversal of the Tax Court decision is denied.

4