In the Matter of TERRENCE REVERE et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [907 NYS2d 326]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, among other things, sustained an assessment of personal income tax imposed under Tax Law article 22.

Petitioners, husband and wife, were employees of Revco Construction Corporation, which petitioner Candace Revere owned and petitioner Terrence Revere operated. As a result of an audit in 2003 of Revco's withholding tax returns, which revealed that Revco had made substantial payments to petitioners for which tax had not been withheld and which were not reported on Revco's W-2 forms or withholding tax returns, the Department of Taxation and Finance issued a withholding tax assessment to Revco and to the wife, as the responsible person for the company, and imposed penalties and interest. Revco agreed with the tax assessment and thereafter submitted, among other things, revised W-2 forms for the periods covered by the audit. After Revco issued the revised W-2 forms, petitioners filed amended joint income tax returns for the 1997 through 2001 tax years, adding the previously unreported income and claiming withholding credits based on the amended W-2 forms. The wife filed a separate amended income tax return for 2002 in which she also claimed the withholding tax credit. According to petitioners, the payments were not originally reported because the wife had diverted the money from Revco, allegedly without the husband's knowledge, in order to support her gambling addiction.

Following an audit of petitioners' personal tax returns, the Department disallowed the withholding tax credits and ultimately issued petitioners a notice of deficiency in the amount of

$539,013.61 for their joint tax returns for the years 1997 through 2001, and issued the wife a notice of deficiency in the amount of $136,021.51 on her separate return for the year 2002. The deficiency notices included penalties based on negligent or intentional failure to withhold.

Petitioners thereafter sought a redetermination of the deficiency amounts in the Division of Taxation. After a hearing, the Administrative Law Judge (hereinafter ALJ) sustained the notice of deficiencies, concluding that petitioners had received payments from Revco for which no tax had been withheld, and denied the husband's claim for innocent spouse relief. The ALJ determined that petitioners were liable for the negligence penalty, as initially assessed, but not the fraud penalty, as was sought by the Division. After petitioners and the Division filed exceptions to the ALJ's determination, respondent Tax Appeals Tribunal sustained the ALJ's determinations with respect to the withholding tax, interest due and denial of innocent spouse relief, and reversed the ALJ's denial of fraud penalties. Petitioners then commenced this CPLR article 78 proceeding to review the Tribunal's determination.

Petitioners bore the burden of proving by clear and convincing evidence that the deficiency assessment was erroneous (*see* Tax Law § 689 [e]; *Matter of Levin v Gallman*, 42 NY2d 32, 34 [1977]; *Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d 751, 752 [2002]), and a determination by the Tribunal that is supported by substantial evidence will not be disturbed (*see Matter of Callicutt v New York State Commr. of Taxation & Fin.*, 241 AD2d 778, 779 [1997]; *Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 737 [1996], *lv denied* 88 NY2d 808 [1996]). In that regard, an employee may not claim a withholding tax credit unless the tax was "actually deducted and withheld" by his or her employer (Tax Law § 673; *see Byers v Commissioner of Internal Revenue*, 351 Fed Appx 161 [8th Cir 2009]; *United States v Kuntz*, 259 F2d 871, 872 [2d Cir 1958]). Here, the Tribunal rejected petitioners' claim that the tax was actually withheld by Revco. "Withholding . . . occurs at the time of payment to the employee of his [or her] *net* wages" (*Begier v IRS*, 496 US 53, 60-61 [1990] [emphasis added and citation omitted]). Taxes actually withheld by the employer are credited to the employee when the net wages are paid (*see Slodov v United States*, 436 US 238, 243 [1978]; *see also* 20 NYCRR 171.1 [b]), and petitioners did not submit any evidence to support their claim that taxes were withheld by Revco at the time that the payments at issue were made to them. We find no merit in petitioners' argu-

ment that the Tax Commission was precluded from pursuing deficiencies against petitioners' personal income tax returns because the wife was found to be personally liable for Revco's deficiencies as a responsible person under Tax Law § 685 (g). We are not persuaded that petitioners' tax liability is absolved here because a "responsible person" for the company failed to pay the tax on behalf of the employer (*see e.g. Church v Commissioner of Internal Revenue*, 810 F2d 19, 20 [2d Cir 1987]; *Frederick v Commissioner of Internal Revenue*, 327 Fed Appx 332, 333-334 [3d Cir 2009]). Accordingly, and deferring to the Tribunal's competence in interpreting the statute it is charged with administering, we find its determination with respect to petitioners' liability to be supported by a rational basis (*see Matter of Fuchsberg & Fuchsberg v Commissioner of Taxation & Fin.*, 13 AD3d 831, 833 [2004]).

We also find that the record supports the Tribunal's determination that the Tax Commission met its burden of demonstrating petitioners' fraudulent intent by clear and convincing evidence (*see* Tax Law § 689 [e] [1]; *Matter of Kucherov v Chu*, 147 AD2d 877, 878 [1989]). The only records petitioners provided for the Revco audit were bank records, canceled checks and withholding tax returns for Revco's other employees—notably, they did not provide any journals or payroll records. Petitioners underreported their own income by millions of dollars over a period of several years and then, after the failure to withhold taxes on that income had been brought to their attention by the Revco audit, they claimed the withholding credit on their amended personal returns without notifying the auditor. Notably, the wife, who was purportedly solely responsible for petitioners' finances, did not testify at the hearing. The husband had previously operated another construction business before starting Revco and admitted to having withholding tax problems in the past. Revco went out of business after it was audited and the husband started another construction business, which he owns and in which he controls all of the finances. The Tribunal did not credit the hearsay evidence that the wife's secret gambling addiction caused her to squander Revco's profits. Nor did it find the husband's professed complete ignorance of—and disinterest in—Revco's substantial profits, and the disposal thereof, logical or credible. According deference to the Tribunal's credibility determinations (*see Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d 1089, 1092 [2006]; *Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d at 752), we find that the record supports its finding of clear and convincing evidence of fraud.

Finally, as to the husband's claim for innocent spouse relief,

we note that the applicable statutory law evolved during the period in question (*see* Tax Law § 651 [former (b) (5) (A)]; § 654); however, the determinative issue for purposes of the instant claim has remained essentially the same. As the party seeking innocent spouse relief, the husband here bore the burden of establishing, among other things, that at the time the underlying amended joint income tax returns were signed, he did not know or have reason to know of the understatements (*compare* Tax Law § 651 [former (b) (5) (A)]; § 654; 26 USC § 6015 [b] [1] [C]; [c] [2]; *Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d at 1090; *Cheshire v Commissioner of Internal Revenue*, 282 F3d 326, 332-334 [5th Cir 2002], *cert denied* 537 US 881 [2002]). His claim of intentional ignorance regarding the preparation of his joint tax returns was not credited by the Tribunal and is not a legal defense to the assessed deficiencies. "The 'innocent spouse' exemption was not designed to protect willful blindness or to encourage the deliberate cultivation of ignorance" (*Friedman v Commissioner of Internal Revenue*, 53 F3d 523, 525 [2d Cir 1995]). "In short, an innocent spouse is one who despite having made reasonable efforts to investigate the accuracy of the joint return remains ignorant of its illegitimacy" (*id.*). By his own admission, the husband made little or no effort to investigate the accuracy of the tax returns because he did not want to be involved. The record does not reflect what action, if any, the husband took to insure that his amended joint returns accurately accounted for the tax due on the previously unreported income that was revealed by the Revco audit. Consequently, substantial evidence supports the Tribunal's determination to deny the husband innocent spouse status.

Mercure, J.P., Peters, Spain and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.