■ In the Matter of PAUL A. FUND et al., Petitioners, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed under Tax Law article 22.

In 1969, the Internal Revenue Service (IRS) audited petitioners' Federal income tax returns for the years 1965 and 1966. An assessment of additional tax was made based upon the determination that petitioners had incorrectly reported certain ordinary income as capital gains. The amount due was subsequently recomputed and, after petitioners declared that they were unable to pay the tax, a compromise settlement was made with the IRS in June 1974.

Respondent's Audit Division issued a notice of deficiency in April 1976 based upon the IRS audit. The additional State income tax due from petitioners for the years 1965 and 1966 was calculated at $8,693.36, plus interest. In October 1976, a notice of demand for payment was issued to petitioners. Following a series of communications between the parties and the stay of a warrant of seizure, petitioners paid $2,000 and filed claims for refunds. At the ensuing hearing, a primary issue was whether the Audit Division's assessment of a deficiency was timely. The State Tax Commission found the assessment timely and this proceeding seeking to challenge that determination followed.

A taxpayer who files an amended Federal income tax return is required to notify the State tax authorities and make any necessary changes to his or her State tax return (Tax Law § 659). If the taxpayer fails to notify the State tax authorities of the Federal changes and fails to file an amended form, any additional State tax which may be due does not have to be assessed within the general limitations period of three years from the filing of the original return, but may be assessed "at any time" (Tax Law § 683 [c] [1]). However, if the taxpayer

does report the Federal change, any additional State assessments must be made within two years of receipt of the report or amended return (Tax Law § 683 [c] [3]).

Petitioners contend that they notified respondent of their Federal tax changes in January 1971 and that the Audit Division's 1976 assessment was, therefore, untimely. Review of the evidence in the record, however, indicates that the first notice given by petitioners of the Federal changes was a letter in January 1975. This letter was in response to a letter from respondent informing petitioners that the IRS had notified it of petitioners' Federal tax changes and that petitioners were required to file a notice of the changes on State form IT-115. Petitioners did not mention in their January 1975 letter, nor in any of their subsequent numerous communications with respondent, that they had already filed the IT-115 forms as they now contend. Further, the testimony of petitioner Paul A. Fund at the hearing reflected his uncertainty as to whether the purported notice was given in 1971 or 1975. Documents offered by petitioners were similarly unpersuasive. For example, the copies of the completed IT-115 forms submitted by petitioners do not indicate when the forms were completed or filed. Respondent's review of its file revealed that it did not have any record of petitioners' filing the amended State forms. We conclude that the determination that the State tax assessment was timely is fully supported by the credible evidence in the record.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.