■ In the Matter of ROBERT PETAK, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

[629 NYS2d 547] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was, during the time period relevant to this appeal, the president and one of two shareholders of a corporation that owned and operated Petak's, a delicatessen and gourmet shop on Madison Avenue in New York City. In July 1987, petitioner and the corporation were notified that Petak's was to be the subject of a field audit, conducted by the New York City Department of Finance, to determine its compliance with the sales and use tax laws during the period from June 1, 1984 through May 31, 1987. Although the City auditors accepted the amounts reported by the corporation for total sales during the audit period, they questioned its claim that only 1.4% of those sales were taxable. Despite being asked numerous times to provide the books and records necessary to complete the audit, petitioner did not do so, forcing the auditors to resort to external indices to determine the percentage

of sales that were legitimately nontaxable. Using information gleaned from several brief visits they had made to the premises at different times of day, a review of menus obtained during those visits, and their experience with other similar establishments, the City auditors determined that approximately 85% of Petak's sales were of taxable items, including prepared sandwiches and platters.

On the basis of this estimate, it was found that the corporation owed $491,607.59 in delinquent taxes, plus interest and penalties, for a total of $767,916.72, and an additional omnibus penalty of $35,165.74; notices of determination seeking remittance of these amounts were sent to petitioner and the corporation. Following a conciliation conference and a one-day observation test conducted at the delicatessen by City auditors, the corporation's tax liability was lowered to $179,886.01 (plus interest and penalties), with a corresponding reduction in the omnibus penalty. Petitioner and the corporation sought administrative review and, after a hearing, an Administrative Law Judge (hereinafter the ALJ) essentially upheld the determinations at issue. Respondent Tax Appeals Tribunal affirmed and petitioner initiated this CPLR article 78 proceeding.

Petitioner's primary contention is that the notices of determination were improperly issued by the City Department of Finance, rather than by the State Tax Commission, and are thus void and without effect. The ALJ and the Tribunal rejected this interpretation of the events surrounding the typing and mailing of the notices, however, finding that the City auditors did not make the actual assessment decision but simply carried out clerical tasks at the direction of State officials. The testimony of Joseph Macchio, who was at the pertinent time employed by the State Department of Taxation and Finance as liaison to the City Finance Department, fully supports this conclusion. To the extent that the testimony of one of the auditors tends to indicate otherwise, it merely presented a credibility question, the resolution of which, not being irrational, will not be disturbed (see, Matter of Di Maria v Ross, 52 NY2d 771, 772-773; Matter of Jacobson v State Tax Commn., 129 AD2d 880, 881-882).

Nor did the Tribunal err in upholding the ALJ's finding that the audit method used to arrive at the subject assessments was reasonable. As respondents note, given petitioner's inability or refusal to provide documentary substantiation of his claim that Petak's sold primarily nontaxable items, the City auditors were justified in relying on the presumption of taxability set

forth in Tax Law § 1132 (c) (*see, Matter of Academy Beer Distribs. v Commissioner of N. Y. State Dept. of Taxation & Fin.*, 202 AD2d 815, 816, *lv denied* 83 NY2d 759). The decision to estimate the percentage of nontaxable sales on the basis of their personal observations of the business premises and the types of transactions that were most common at different times of the day, their review of the menus and their experience with similar businesses, is not, on its face, unsound. Moreover, petitioner presented no proof—other than evidence obtained through the conciliation process, which is not to "be given any force or effect in any subsequent administrative proceeding" (Tax Law § 170 [3-a] [f]), and his conclusory testimony to the effect that the menus used by the auditors did not accurately reflect the type of sales transacted at the corporation's Madison Avenue location, which was refuted by one of the auditors, who observed similar items being sold—to rebut the presumption of taxability or to demonstrate that the estimate underlying the assessments was, in fact, invalid.

There being no satisfactory proof challenging the quality or quantity of the City auditors' previous experience with other, purportedly similar establishments, petitioner cannot now argue that the experience they assertedly relied upon is not relevant to Petak's operations (*see, Matter of Oak Beach Inn Corp. v Wexler*, 158 AD2d 785, 787). Furthermore, the mere fact that a different audit methodology might provide a more precise estimate of tax liability does not, per se, render the use of an otherwise acceptable audit method unreasonable (*see, Matter of Scholastic Specialty Corp. v Tax Appeals Tribunal*, 198 AD2d 684, 686-687, *lv denied* 83 NY2d 751). In sum, petitioner has failed to meet his considerable burden of proving, by clear and convincing evidence, that the audit method employed resulted in an erroneous assessment (*see, Matter of Leogrande v Tax Appeals Tribunal*, 187 AD2d 768, 769, *lv denied* 81 NY2d 704; *Matter of Shukry v Tax Appeals Tribunal*, 184 AD2d 874, 875-876).

Petitioner's remaining arguments are either being raised for the first time in the instant petition or, though advanced in prior proceedings, were not argued before the Tribunal, which, properly considering them to have been abandoned, refrained from issuing a decision with respect thereto. Accordingly, these issues are not properly before us for review (*see, Matter of Bates v Coughlin*, 145 AD2d 854, *lv denied* 74 NY2d 602; *Matter of Hennekens v State Tax Commn.*, 114 AD2d 599, 600).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.