■ In the Matter of ULRICH V. HOFFMANN et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE OF THE STATE

733

of NEW YORK et al., Respondents. [643 NYS2d 701] —Peters, J.

Petitioner Ulrich V. Hoffmann[1] was slated to be terminated from his position as senior vice-president of external affairs and general counsel of Trans World Airlines, Inc. (hereinafter TWA) as of January 31, 1986. In anticipation of such termination, TWA sent petitioner a letter, dated January 20, 1986 (hereinafter the termination agreement), outlining various proposed terms which petitioner agreed to by affixing his signature.

The termination agreement provided for, *inter alia*, a lump-sum payment of $428,000 by TWA to petitioner, less appropriate statutory withholdings, and waiver by petitioner of "any claims [he] may have for employment or reemployment by TWA in the future". Since a portion of his employment income received in 1986 was derived from or connected with his performance of services in New York, petitioner, as a resident of Connecticut during that tax year, filed a New York nonresident income tax return.[2]

By notice of deficiency dated April 5, 1990, the Audit Division of the Department of Taxation and Finance advised petitioner that there were additional moneys owed for tax year 1986. Following petitioner's request for a conciliation conference, the Audit Division, after appropriate review, adjusted petitioner's tax liability. Petitioner thereafter sought review from the Division of Tax Appeals to challenge the Audit Division's determination that the lump-sum payment he received pursuant to his termination agreement was derived from or connected with his past employment in New York and was therefore a source of income properly taxable by New York. Both parties consented to having this case submitted to an Administrative Law Judge (hereinafter ALJ) who ultimately upheld the Audit Division's determination. Petitioner filed a notice of exception to the ALJ's determination which again was affirmed by respondent Tax Appeals Tribunal following oral argument. Petitioner now seeks review in this Court pursuant to CPLR article 78.

---

1. Petitioners in this action are Ulrich V. Hoffmann and Barbara Hoffmann, husband and wife, who filed a joint tax return. For the purposes herein, "petitioner" shall refer solely to Ulrich Hoffmann.

2. Under Tax Law former § 632 (a), a nonresident's income is subject to personal income tax in New York if "derived from or connected with New York sources".

Petitioner asserts that "[t]here is no proof in the record to support the * * * Tribunal's conclusion that * * * [he] would have performed services in New York in exchange for the lump sum payment * * * of $428,000". It is well established that in proceedings of this kind, petitioner bears the burden of proving an erroneous tax assessment by clear and convincing evidence (see, Matter of Ausnit v Tax Appeals Tribunal, 212 AD2d 911; Matter of Rizzo v Tax Appeals Tribunal, 210 AD2d 748; see also, Tax Law § 689 [e]). " 'This burden is a heavy one since courts regularly defer to determinations of the Tax Commission that have a rational basis' " (see, Matter of Rizzo v Tax Appeals Tribunal, supra, at 748, quoting Matter of Giuliano v Chu, 135 AD2d 893, 895). Nonetheless, petitioner's evidence consisted solely of the termination agreement and a letter drafted by him, detailing his employment history with TWA. Given petitioner's failure to proffer sufficient proof, we find no basis to disturb the Tribunal's determination.

We must also reject petitioner's contention that the Tribunal's determination was inconsistent with this Court's decision in Matter of Donahue v Chu (104 AD2d 523). In Donahue, the petitioner received a lump-sum payment pursuant to a termination agreement in consideration for his relinquishment of his right to receive his regular salary and benefits for the duration of his employment agreement. Finding no evidence that those rights would have been exercised in New York had the employment continued, we annulled the Tax Commission's determination that the sums paid pursuant to the termination agreement were properly taxable by New York. Here, however, pursuant to paragraph 9 of petitioner's termination agreement, he waived any claims "arising out of or relating to [his] employment by TWA or the termination thereof". Thus, because the consideration given by petitioner in exchange for the lump-sum payment arose out of his past employment with TWA (see, Matter of Laurino, Tax Appeals Tribunal, May 20, 1993, 1993 WL 194564, at 5), we find a rational basis for the Tribunal's determination that such "claims arising from past employment in New York State would be derived from or connected with New York sources".

As to petitioner's further assertion that the Audit Division improperly characterized the subject lump-sum payment as a retirement benefit other than an annuity and, as such, treated it as compensation for personal services,[3] again we find no merit. Since the lump-sum payment was clearly made to

---

3. 20 NYCRR former 131.4 (d) (1) stated in pertinent part: "Where a pension or other retirement benefit does not constitute an annuity, it is

petitioner "in connection with \* \* \* [his] termination of employment" (20 NYCRR former 131.4 [d] [1]), we find no basis to disturb the Audit Division's characterization thereof or the allocation rules subsequently utilized (see, 20 NYCRR former 131.20).

Mercure, J. P., White, Casey and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

compensation for personal services and, if the individual receiving it is a nonresident, it is taxable for New York State personal income tax purposes to the extent that the services were performed in New York State. The term *compensation for personal services* as used in the foregoing sentence includes, but is not limited to, amounts received in connection with the termination of employment" (emphasis in original).