■ In the Matter of SUBURBAN CARTING CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [694 NYS2d 211] —Carpinello, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a corporate franchise tax assessment imposed under Tax Law article 9-A.

In August 1993, the State Department of Taxation and Finance filed a notice of deficiency against petitioner in the amount of $272,576.33, inclusive of interest and penalties, for tax years 1989 and 1990. As a result of a conciliation conference, the penalties were canceled and the amount of the deficiency was reduced to $76,777. The basis for the assessment concerns interest expenses deducted by petitioner in calculating its net income for the subject years, namely, interest which arose from debts incurred following its redemption of the outstanding stock of one shareholder. According to the Department, these interest expenses are indirectly attributable to subsidiary capital and therefore cannot be deducted in the calculation of petitioner's franchise tax obligation (see, Tax Law § 208 [9] [b] [6]).

Following a hearing, the Administrative Law Judge (hereinafter the ALJ) issued a determination in petitioner's favor (with one minor exception not relevant here), finding that the interest expenses at issue were not attributable to subsidiary capital. On appeal, respondent Tax Appeals Tribunal modified the ALJ's determination by reversing the findings with respect to tax year 1990, citing an absence of proof on petitioner's part that the interest expenses incurred for that year were not indirectly attributable to subsidiary capital. Petitioner commenced the instant proceeding to review the Tribunal's determination insofar as it sustained the assessment for tax year 1990.

In assessing additional taxes for 1989 and 1990, the Department, having determined that the subject loans were not directly attributable to business or investment capital and that petitioner's investments in its subsidiaries had increased during these years, applied a judicially sanctioned formula to limit deduction of interest expenses indirectly attributable to subsidiary capital (see, Matter of Unimax Corp. v Tax Appeals Tribunal, 165 AD2d 476, affd 79 NY2d 139). In challenging this determination, petitioner bore the burden of proving by clear and convincing evidence that the deficiency assessment was errone-

ous (*see, Matter of Grace v New York State Tax Commn.*, 37 NY2d 193, 195-196; *Matter of Leogrande v Tax Appeals Tribunal*, 187 AD2d 768, 769, *lv denied* 81 NY2d 704). In this context, we note that the failure to produce any evidence before an ALJ demonstrating that an assessment is erroneous leaves intact " 'the presumption of correctness which attached to the notice of deficiency' " (*Matter of Leogrande v Tax Appeals Tribunal, supra,* at 769, quoting *Matter of Kourakos v Tully*, 92 AD2d 1051, 1052, *appeal dismissed* 59 NY2d 967, *lv denied* 60 NY2d 556, 699, *cert denied* 464 US 1070).

With this burden in mind, our review of the record reveals the following. With respect to the deficiency assessment for 1989, petitioner presented evidence, by way of testimony and documentary proof, that its investments in subsidiaries did *not* change during this time period. To the extent record keeping ledgers showed a discrepancy on this point, petitioner presented evidence that this was due to a change in accounting methodology, an explanation not denied by the Department and accepted by the ALJ and the Tribunal. Since the Department failed to rebut this showing with evidence of an increase in petitioner's investments in subsidiaries or increases in advances to subsidiaries' accounts for 1989, the Tribunal agreed with the ALJ's finding that the loan proceeds were not indirectly attributable to subsidiary capital with respect to tax year 1989.

With respect to the 1990 assessment however, the Tribunal found, and the record supports, that petitioner failed to present any evidence—such as financial statements, ledger entries or testimonial proof—regarding its investments in subsidiaries which might have supported its deduction and demonstrated the impropriety of the assessment.* This being the case, the statutory presumption of correctness applies and the Tribunal's determination so holding will not be disturbed.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Significantly, petitioner concedes on appeal that its investments in subsidiaries increased in 1990, but nevertheless claims that this factor was not enough for the Department to infer that the interest expenses arising out of the redemption debt was indirectly attributable to subsidiary capital. This argument ignores the fundamental administrative principle that the onus was on petitioner to overcome the assessment, not on the Department to support it.