[704 NYS2d 321]

In the Matter of MATTHEW J. DOMBER et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents.

Third Department, March 2, 2000

**APPEARANCES OF COUNSEL**

*Maurice A. Reichman,* New York City, for petitioners.

*Eliot Spitzer, Attorney General,* Albany (*Andrew D. Bing* of counsel), for respondents.

**OPINION OF THE COURT**

CARDONA, P. J.

This proceeding involves a challenge by petitioners, Matthew J. Domber (hereinafter Domber) and his wife, nonresidents of New York, to a determination of respondent Tax Appeals Tribunal assessing additional personal income tax based upon certain income distributed to Domber from a New York law partnership during the 1989 tax year. The Tribunal concluded that the income was improperly allocated to non-New York sources.

Domber and Jacob Ward are the capital partners of the law firm of Domber & Ward (hereinafter the firm) which has its sole office in New York City. In addition to the practice of law, the firm is authorized under the partnership agreement to engage in the "acquisition, ownership, development, management and disposition of real estate projects," provided that any partnership interest therein "shall, if held in the name of a capital partner, be deemed to be held as a nominee for [the] partnership." After forming the firm, Domber and Ward became involved in the development of housing projects in Pennsylvania and West Virginia with financial assistance from the United States Department of Housing and Urban Development (hereinafter HUD). By 1989, 13 projects had been developed, ownership of which was held in the form of limited partnerships (hereinafter collectively referred to as the Arbors partnerships). Arbors Management, Inc. (hereinafter AMI), a Pennsylvania corporation, was formed to manage the projects. Ward held stock in AMI, was a general partner in 12 of the Arbors partnerships and a limited partner in one. Domber also held stock in AMI and purportedly had an ownership interest in the Arbors partnerships. According to petitioners, Ward acted as the trustee of Domber's interest in the Arbors partnerships and AMI during the 1989 tax year because Domber's wife worked for HUD.

During 1989, Ward received distributions from all but two of the Arbors partnerships. The partnerships reported the distributions on Internal Revenue Service K-1 schedules issued to Ward for 1989, one of which disclosed a net gain of $116,755

under Internal Revenue Code (26 USC § 1231). Ward deposited the distributions received from the Arbors partnerships in the firm's operating account. The Internal Revenue Service K-1 schedule issued by the firm to Domber for the 1989 tax year reported an allocation of net long-term capital gain of $172,666 and net section 1231 gain of $58,377. While the gains were included by petitioners in their 1989 New York nonresident tax return under the Federal amount column, they were not included under the New York amount column.

After conducting an audit of petitioners' nonresident tax returns for the 1989, 1990 and 1991 tax years, the State Department of Taxation and Finance concluded that petitioners improperly allocated a portion of the income received from the firm during 1989 and 1990 to non-New York sources. The Department determined, *inter alia*, that the net long-term gain and net section 1231 gain for 1989 should be allocated to New York and issued a notice of deficiency to petitioners.

Petitioners appealed the assessment to the Division of Tax Appeals. An Administrative Law Judge ruled, *inter alia*, that the net long-term capital gain of $172,666 and net section 1231 gain of $58,377 were properly allocated as non-New York source income based upon the situs of real property owned by the Arbors partnerships and, therefore, properly excluded from petitioners' New York income tax liability. The Department appealed to the Tribunal which reversed the Administrative Law Judge's finding and held that such long-term capital gain and section 1231 gain were New York source income.

In this CPLR article 78 proceeding, petitioners bear the burden of coming forward with clear and convincing evidence that the tax assessment is erroneous in order to rebut the presumption of validity attached to it (*see, Matter of Suburban Carting Corp. v Tax Appeals Tribunal*, 263 AD2d 793, 793-794; *Matter of Hoffmann v Commissioner of Taxation & Fin. of State of N. Y.*, 228 AD2d 732, 734). Furthermore, courts regularly defer to determinations of the taxing authorities provided they are supported by a rational basis (*see, Matter of Rizzo v Tax Appeals Tribunal*, 210 AD2d 748).

Under the law in effect at the time of this assessment, a nonresident individual was required to include, for New York tax purposes, income from New York sources consisting of, *inter alia*, "his distributive share of partnership income" (Tax Law § 631 [former (a) (1)]). Income was deemed New York source income if "derived from or connected with New York sources" and included items "attributable to * * * a business, trade,

profession or occupation carried on in this state" (Tax Law § 631 [former (a)], [b] [1] [B]; see, 20 NYCRR former 134.1 [a]). Likewise, only that portion of a nonresident partner's distributive share of partnership income "derived from or connected with New York sources" was subject to tax (see, Tax Law § 632 [former (a) (1)]). Under the regulations in effect at the time of the assessment, income derived by a nonresident partner from rentals and gains from the sale and/or exchange of real property were allocated for tax purposes according to the situs of the real property at issue (see, 20 NYCRR former 131.16).

In the instant case, petitioners argue, inter alia, that the net long-term capital gain and section 1231 gain are attributable exclusively to properties held by the Arbors partnerships outside New York and that the Tribunal improperly limited its focus to the business activities of the firm in concluding that such income, which was essentially "passed through" the firm and distributed to Domber, constituted New York source income. We disagree. We note that the income received by Ward from the Arbors partnerships and "passed through" the firm was deemed partnership income pursuant to the provisions of the firm's partnership agreement. Although petitioners maintain that one half of this amount was received by Ward for Domber in his capacity as trustee, and in reality constituted moneys attributable to Domber's individual equity interest in the Arbors partnerships, there is a lack of persuasive documentary evidence in this record substantiating that position and we decline to disturb the Tribunal's factual findings in that regard. It is clear from the record that the firm maintained only one office, which was in New York, and that it conducted business in this State. Thus, the distributions from the firm to the partners were properly considered New York source income.

In our prior decision involving an audit of petitioners for previous tax years, we noted that income received by the firm which was generated by the Arbors partnerships could constitute non-New York source income if attributable to rental income as opposed to management fees, syndication fees, development fees and operational profits (see, Matter of Domber v Tax Appeals Tribunal, 210 AD2d 529, 531, lv denied 85 NY2d 810). In such instance, we acknowledged that the income would be properly allocated according to the situs of the real property outside New York pursuant to 20 NYCRR former 131.16 (see, id.). We stated, however, that the burden was on petitioners to come forth with "proof of the specific nature and source of the

various items of income" demonstrating that it constituted non-New York source income (*id.*).

Based upon our review of this record, we conclude that petitioners failed to meet their burden of proof by clear and convincing evidence (*see, id.*, at 532). Although a comparison of the Internal Revenue Service schedule K-1s issued to Ward from the Arbors partnerships and from the firm to Domber discloses that one half of the net long-term capital gain and net section 1231 gain reported by the Arbors partnerships is reflected on Domber's Internal Revenue Service schedule K-1, the character of that income is not apparent from this record. Petitioners' accountant, who prepared the tax returns for the firm and petitioners but not the Arbors partnerships, stated that the long-term capital gain constituted distributions from the partnerships which had excess cash but did not further elaborate on the nature of the income. With respect to the section 1231 gain, he indicated that he did not know what generated that income since he took the figures from the individual partnership Internal Revenue Service schedule K-1s prepared by another accountant. In view of petitioners' failure to the overcome presumption of validity attaching to the assessment at issue, we find no reason to disturb the Tribunal's determination (*see, Matter of Suburban Carting Corp. v Tax Appeals Tribunal*, 263 AD2d 793, *supra*). We have considered petitioners' remaining claims and find them unavailing.

CREW III, SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.