◼ In the Matter of ELIAS H. ATTEA, JR., et al., Petitioners, v TAX APPEALS TRIBUNAL et al., Respondents. [732 NYS2d 722] —Crew III, J. P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, *inter alia*, sustained an assessment of personal income tax imposed under Tax Law article 22.

During the time period in issue, petitioner Elias H. Attea, Jr. (hereinafter Attea), a resident of Tennessee and a licensed Indian trader, owned and operated a wholesale tobacco products business under the name of J.R. Attea Wholesale. For tax year 1990, petitioner and his spouse, petitioner Karen Attea, filed a joint nonresident income tax return reporting a Federal adjusted gross income of $995,264, of which $117,946 was allocated to New York. For tax year 1991, Attea filed a nonresident income tax return reporting a Federal gross adjusted income of $4,223,277, of which $225,744 was allocated to New York.[1] According to Attea, the income shown on Schedule C of the Federal income tax returns for 1990 and 1991 was generated solely from the sale of tobacco products to Native Americans residing on reservations, and the income allocated to New York was generated by commissions paid to him by Milhelm Attea & Bros., Inc., a subchapter S corporation located in the City of Buffalo, Erie County.

Questions arose as to Attea's residency, prompting the Department of Taxation and Finance to audit the 1990 and 1991 tax returns. Attea was less than forthcoming with respect to the documentation requested during the audit and, ulti-

---

1. Karen Attea is a party to this proceeding solely because of the 1990 joint nonresident income tax return filed; she apparently thereafter moved to New York and filed a resident income tax return for 1991.

mately, the Department concluded, based upon what information was available, that Attea conducted virtually all of petitioners' business activities, either personally or through agents, within New York on a regular basis. As a result, the Department allocated 100% of the tobacco wholesale income reflected on Schedule C of the respective tax returns to New York, generating notices of deficiency in the amount of $63,406.90, plus interest, for 1990 and $297,960.50, plus interest, for 1991. No penalty was imposed.

Petitioners appealed the assessments to the Division of Tax Appeals, and the parties agreed to resolve the matter on submissions without a hearing. To that end, petitioners produced approximately 2,000 pages of documentation purporting to represent each transaction giving rise to the income at issue. The Administrative Law Judge, noting that such documents failed to, *inter alia,* indicate how the tobacco products were transported from the foreign-trade zone to the ultimate customer and, in numerous instances, did not even indicate the name and address of said customer, concluded that petitioners had not met their burden of proving that their business traded exclusively with Native Americans and maintained no presence in New York. Respondent Tax Appeals Tribunal affirmed this decision, prompting petitioners to commence this proceeding to challenge the determination sustaining the assessment of personal income tax.

Initially, we reject petitioners' claim that the underlying determination is not supported by substantial evidence in the record as a whole. "[A]s the parties challenging the assessments, petitioners bore the burden of establishing by clear and convincing evidence that the assessments were erroneous * * *. Absent such evidence, the presumption of correctness that attached to the notices of deficiency remained intact" (*Matter of Phillips v New York State Dept. of Taxation & Fin.*, 267 AD2d 927, 929, *lv denied* 94 NY2d 763 [citations omitted]; *see, Matter of Domber v Tax Appeals Tribunal*, 263 AD2d 277, 279, *lv denied* 95 NY2d 760). Thus, it was incumbent upon petitioners to come forward with evidence establishing that they traded exclusively with Native Americans residing on Indian reservations and had no income "derived from or connected with New York sources" (Tax Law § 631 [former (a)]), including income earned from "a business, trade, profession or occupation carried on in this [S]tate" (Tax Law § 631 [former (b) (1) (B)]). This petitioners failed to do.

Although petitioners submitted voluminous invoices, customs forms and miscellaneous records purporting to represent and

document each transaction giving rise to the income at issue, these records have, as noted by the Administrative Law Judge and the Tribunal, rather glaring deficiencies—notably, the absence of the seller's name on the invoices and a lack of specificity regarding the shipment's customer and ultimate destination. The one invoice that does appear in the record intact clearly identifies the seller as "Milhem [*sic*] Attea & Bros. Inc., 1509 Clinton Street, Buffalo, N. Y."[2] Additionally, other documents in the record, including packing lists and invoices from suppliers, list petitioners' business, J.R. Attea Wholesale, as having an office located in "Sanborn, New York." Such proof directly contradicts Attea's sworn affidavit that J.R. Attea Wholesale maintained no offices in this State. Under these circumstances, we cannot say that petitioners met their heavy burden of demonstrating by clear and convincing evidence that their business traded exclusively with Native Americans and maintained no presence in this State. Accordingly, the Tribunal's determination will not be disturbed.

Nor are we persuaded that the imposition of New York income tax here violates 15 USC § 381 (a), which provides that no state may impose a net income tax on the income derived within the state by any person from interstate commerce "if the only business activities within such [s]tate * * * are * * * the solicitation of orders by such person, or his representative, in such [s]tate for sales of tangible personal property, which orders are sent outside the [s]tate for approval or rejection, and, if approved, are filled by shipment or delivery from a point outside the [s]tate." The record establishes, *inter alia*, that J.R. Attea Wholesale has a New York address and that Attea earned commissions in New York from Milhelm Attea & Bros., Inc., in addition to owning certain rental property in the State from which petitioners derived rental income. Under such circumstances, it can hardly be said that petitioners' *only* business activities within the State are the solicitation of sales. Petitioners' remaining contentions, including their assertion that the imposition of personal income tax violates the United States Constitution and is precluded by Attea's status as an Indian trader, have been examined and found to be lacking in merit.

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs.

---

2. Invoices identical to this one—minus the seller information—appear throughout the record.