██ In the Matter of ANTHONY L. CLAPES et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [825 NYS2d 168]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Respondent Tax Appeals Tribunal determined that payments received by petitioner Anthony L. Clapes (hereinafter petitioner), a nonresident, from International Business Machines Corporation (hereinafter IBM) during 1996, 1997 and 1998 constituted income from New York sources and, as such, were subject to New York personal income tax (see Tax Law § 601 [e]; § 631). Petitioner and his wife challenge that determination arguing, among other things, that the Tribunal erred in determining that the subject payments derived from his employment with IBM in New York, and urging instead that they were made in consideration of promises unrelated to New York contained in petitioner's 1996 departure agreements with IBM.

When petitioner's position as Assistant General Counsel at IBM was given to a younger individual and his responsibilities reduced, he entered into negotiations with IBM about early retirement. He was offered and accepted a retirement bridge leave of absence, which ran from May 1, 1996 to August 31, 1997, when he could retire with 30 years of service. The departure agreements provided that IBM would pay petitioner his 1995 annual incentive, a prorated 1996 incentive, an amount for unused vacation days, and up to $8,500 for outplacement as-

sistance. It had a provision for a lump-sum payment of $180,000 conditioned upon him executing a general release and covenant not to sue. In addition, the departure agreements addressed compensation under long-term performance plans in which petitioner had participated in 1989 and 1994, which included nontransferable stock options and other incentives. Petitioner received significant income from the stock options in 1996 and 1997. He did not include substantial portions of the payments from IBM in his New York State tax returns and an audit by respondent Department of Taxation and Finance resulted in deficiencies being assessed for 1996, 1997 and 1998.

Petitioner took the position that the payments listed in the 1996 departure agreements were not compensation for past or current services, but were compensation for the loss of a future income stream and incentives to future performance for which there was no assurance that the future earnings would be connected to New York. In short, he claimed he had a viable age discrimination case against IBM, that all payments in the agreements compensated him for loss of earnings arising from such claim and, given IBM's global reach and his own past record of living in other parts of the world while working for IBM, his future earnings were not connected to New York. The Administrative Law Judge (hereinafter ALJ) concluded that the Department incorrectly included the $180,000 lump-sum payment and the outplacement assistance as New York source income. However, the ALJ otherwise upheld the Department, finding attributable to New York sources the 1995 annual incentive, the prorated 1996 incentive and the payment for unused vacation time. The ALJ further found that payments based on performance stock units awarded to petitioner under the 1994 long-term performance plan and the stock options awarded under the 1989 and 1994 plans were secured or earned through his IBM employment and, thus, constituted New York source income. The Tribunal accepted the findings of fact and determination of the ALJ. This proceeding ensued.

Initially, we are unpersuaded by petitioners' argument that the Tribunal incorrectly placed the burden of proof upon them. The current case is not primarily about expanding the scope or reach of a tax statute through agency interpretation (see *Debevoise & Plimpton v New York State Dept. of Taxation & Fin.*, 80 NY2d 657, 661 [1993]), but involves applying a recognized area of law involving nonresident taxation to a particular set of facts. As we have previously held, "[i]t is well established that in proceedings of this kind, [the] petitioner bears the burden of proving an erroneous tax assessment by

clear and convincing evidence" (*Matter of Hoffmann v Commissioner of Taxation & Fin. of State of N.Y.*, 228 AD2d 732, 734 [1996]; *see Matter of Attea v Tax Appeals Trib.*, 288 AD2d 701, 702 [2001], *lv denied* 98 NY2d 606 [2002]; *Matter of Phillips v New York State Dept. of Taxation & Fin.*, 267 AD2d 927, 929 [1999], *lv denied* 94 NY2d 763 [2000]; *Matter of Domber v Tax Appeals Trib.*, 263 AD2d 277, 279 [2000], *lv denied* 95 NY2d 760 [2000]). Where the Tribunal's factual determinations are supported by substantial evidence, we are not at liberty to substitute our judgment simply because a different conclusion could be reached based on the evidence (*see Matter of Warnecke v Tax Appeals Trib. of State of N.Y.*, 252 AD2d 748, 750 [1998]).

Here, review of the record reflects that petitioners did not make the showing necessary to overturn the Tribunal's determination. The two annual incentive payments and the payout for unused vacation time were all benefits earned while petitioner worked for IBM in New York. The language in the prospectus for the 1989 and 1994 long-term performance plans set forth that an objective of the plans was to reward key personnel. We find no error in the Tribunal's finding that such language was indicative that the awards were intended as compensation for services to the company. Petitioner rendered those services while employed by the company in New York. The 1996 departure agreements did not, as suggested by petitioners, extinguish all the earned payments and replace them with a new compensation agreement (*compare Matter of Hoffmann v Commissioner of Taxation & Fin. of State of N.Y., supra, with Matter of Donahue v Chu*, 104 AD2d 523 [1984]; *see Matter of Colitti*, 2003 WL 21487139, 2003 NY Tax LEXIS 167 [Tax Appeals Trib, June 19, 2003]).

The stock options were valued consistent with the holding in *Matter of Michaelsen v New York State Tax Commn.* (67 NY2d 579 [1986]), and we are not convinced by petitioners' assertion that we should disregard that precedent. Nor do we find merit in petitioners' constitutional argument (*see generally Matter of Zelinsky v Tax Appeals Trib. of State of N.Y.*, 1 NY3d 85 [2003], *cert denied* 541 US 1009 [2004]). Petitioners' remaining points have been considered and found unavailing.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.