In the Matter of WILLIAM M. MULDERIG, Petitioner, v NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [866 NYS2d 406]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which concluded that petitioner failed to comply with Tax Law § 659.

In 1991, the Internal Revenue Service determined that petitioner should have reported a greater taxable income on his 1982 federal income tax return and that he owed over $1,000,000 in additional taxes for that tax year. He challenged that determination in federal court. The United States Tax Court revised the deficiency and held that petitioner owed $769,096 in additional income tax, plus a penalty of $38,455. By decision entered November 9, 1995, the United States Court of Appeals for the Second Circuit affirmed (*Mulderig v Commissioner of Internal Revenue*, 89 F3d 825 [1995]). In 1997, respondent Department of Taxation and Finance issued petitioner a deficiency notice based upon his failure to report the federal audit changes, asserting that he owed $217,274 in additional state income tax for 1982, along with a negligence penalty of $10,863.70 and interest of $475,960.16. Following an unsuccessful conciliation conference, a hearing was held before an Administrative Law Judge (hereinafter ALJ), who denied the petition and sustained the deficiency notice. Respondent Tax Appeals Tribunal accepted the ALJ's findings of fact and affirmed his determination. Petitioner now seeks review by this Court.

Petitioner does not contest the factual underpinnings of the Department's imposition of additional tax, nor can he, as he lost his appeal of the federal tax determination upon which the Department's deficiency notice was based. As best as we can discern from petitioner's brief, his main arguments are that he timely reported a change in his federal taxable income, the Department is barred from imposing additional tax due to its

failure to timely file a deficiency notice after his report, and he was deprived of due process. We find these arguments unpersuasive.

Substantial evidence supports the Tribunal's determination that petitioner failed to comply with Tax Law § 659 and was thus required to pay additional income tax. Tax Law § 659 requires taxpayers to report any changes or corrections to their federal taxable income within 90 days after the final determination of such change or correction, either conceding that the federal change is correct or stating how it is erroneous (*see* Tax Law § 659; *see also* 20 NYCRR 159.1). If a taxpayer fails to timely report changes to the Department, the statute of limitations for assessment of additional state taxes is inapplicable (*see* Tax Law § 681 [e] [1]; § 683 [c] [1] [C]; 20 NYCRR 159.6; *Matter of Fund v New York State Dept. of Taxation & Fin.*, 132 AD2d 787, 787 [1987]).

Here, the final determination regarding petitioner's federal taxable income for 1982 was rendered by the Second Circuit in November 1995, requiring him to file the prescribed form with the Department by February 1996 (*see* 20 NYCRR 159.2 [a]; 159.5 [c]). Two Department employees testified that they searched the Department's records for petitioner and did not find the prescribed form to report changes to federal taxable income, nor an amended state tax return for 1982. Petitioner testified that he filed an amended return in 1996 or 1997 and his accountant averred that an amended state return was filed about the same time that an amended federal return was filed in 1997. While petitioner contends that he filed an amended state return in 1995, the figures in the unsigned and undated amended return in the record correspond with his 1997 amended federal return. He did not testify that he ever filed the prescribed form to notify the Department of the adjustment to his federal taxable income (*see* 20 NYCRR 159.2 [a]). Considering the record, substantial evidence supports the Tribunal's determination that petitioner did not comply with Tax Law § 659 by timely reporting the change in his federal taxable income (*see Matter of Fund v New York State Dept. of Taxation & Fin.*, 132 AD2d at 788; *Matter of Corin*, 2003 WL 1954824, 2003 NY Tax LEXIS 94 [2003], *affd* 2003 WL 22867392, 2003 NY Tax LEXIS 298 [2003]). Thus, the statute of limitations never began to run against the Department and its notice of deficiency was timely filed (*see* Tax Law § 681 [e] [1]; § 683 [c] [1] [C]).

Petitioner was not deprived of due process despite the destruction of part of the Department's original audit file in the World Trade Center on September 11, 2001. He was afforded a

hearing to contest the deficiency notice. At that hearing, the Department employees testified that scanned images of any filed amended returns would be stored in and retrievable from the Department's computerized files. Multiple searches of the computerized files were conducted and no amended return was located. While petitioner contends that his amended return may have been included in the original file, that contention is mere speculation which is contradicted by the Department's proof concerning its record-keeping processes. At most, petitioner established that he sent a copy of an amended return to the Department as a document to be considered during the conciliation process. He did not meet his burden of proving by clear and convincing evidence that such an amended return was ever filed, let alone in a timely fashion, or that the presence of the original file would aid his case (*see* Tax Law § 689 [e]; *Matter of Clapes v Tax Appeals Trib. of State of N.Y.*, 34 AD3d 1092, 1093-1094 [2006], *appeal dismissed* 8 NY3d 975 [2007]; *Matter of Phillips v New York State Dept. of Taxation & Fin.*, 267 AD2d 927, 929 [1999], *lv denied* 94 NY2d 763 [2000]; *Matter of Hoffmann v Commissioner of Taxation & Fin. of State of N.Y.*, 228 AD2d 732, 734 [1996]).

Petitioner's remaining contentions are without merit.

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.