■ In the Matter of ELIAS H. ATTEA JR., Petitioner, v TAX APPEALS TRIBUNAL et al., Respondents. [883 NYS2d 610]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of personal income tax imposed under Tax Law article 22.

Petitioner, a federally licensed Indian trader and a resident of Tennessee, commenced this proceeding challenging a determination assessing additional personal income tax for 1992 and 1993 arising from his wholesale tobacco sales, allegedly made in New York. Petitioner is the owner and operator of JR Attea Wholesale, which engages in wholesale distribution of tobacco products to Native Americans living on Indian reservations. In 1992, he filed a nonresident income tax return allocating to New York $244,841 of his approximately $7.8 million federal adjusted gross income; in 1993, he reported a federal adjusted gross income of approximately $3.8 million, with $190,827 allocated to New York. According to petitioner, the income attributable to JR Attea Wholesale, which was shown on Schedule C of his federal income tax return for those years, was generated solely from the sale of tobacco products to Native Americans residing on reservations. The Department of Taxation and Finance, however, informed petitioner that it believed the income listed on petitioner's Schedule Cs was New York source income instead, and requested scheduling of an appointment to audit petitioner's 1992 and 1993 tax returns.*

As in a prior audit (*Matter of Attea v Tax Appeals Trib.*, 288

---

* The years 1990 and 1991 were initially included in the audit, but ultimately assessed separately due to the impending expiration of the statute

(n. cont'd)

AD2d 701, 701 [2001]), petitioner was less than forthcoming with respect to requested documentation. Although some shipping documentation was provided, the auditor was unable to use that data to "tie-in" to the information provided on the Schedule Cs. The auditor also met with Robert Haas, a New York customs broker, and Daniel Shea, the operator of a foreign trade zone and the warehouse where petitioner housed his tobacco products. Although petitioner did not substantiate his labor expenses associated with Haas or Shea on his Schedule Cs, the auditor concluded that they were acting as petitioner's employee and agent, respectively, in New York. Moreover, while petitioner did not disclose information regarding inventory on his Schedule Cs, the auditor further concluded that, when stored in Shea's warehouse, much of petitioner's product—upon 62% of which duty had been paid—constituted inventory located in New York, and that petitioner was renting warehouse space from Shea to store and prepare his product for shipping. Inasmuch as the documents provided by petitioner did not permit the auditor to substantiate the purchases, gross receipts, income and expenses listed on petitioner's Schedule Cs, or that all sales were to Native Americans on Indian reservations, the Department issued a notice of deficiency assessing additional income tax liability of $716,291.32 plus interest for 1992, and $359,361.98 plus interest for 1993.

Following a hearing at which petitioner submitted voluminous additional documentation, an Administrative Law Judge sustained the notice of deficiency, concluding that the Department was justified in allocating 100% of petitioner's income to New York—despite his status as a federally-licensed Indian trader—because he failed to provide any evidence to substantiate the allocation claimed on his nonresident income tax returns. Respondent Tax Appeals Tribunal affirmed, prompting this proceeding.

We confirm. As in the prior proceeding challenging the assessment of personal income tax for the years 1990 and 1991, "petitioner bears the burden of proving an erroneous tax assessment by clear and convincing evidence" (*Matter of Clapes v Tax Appeals Trib. of State of N.Y.*, 34 AD3d 1092, 1093-1094 [2006], *lv dismissed* 8 NY3d 975 [2007] [internal quotation marks and citation omitted]; *see Matter of Orvis Co. v Tax Ap-*

of limitations. Respondent Tax Appeals Tribunal concluded that petitioner had not met his burden of proving that JR Attea Wholesale traded exclusively with Native Americans and maintained no presence in New York, and sustained notices of deficiency for those years; this Court confirmed that determination (288 AD2d 701 [2001], *lv denied* 98 NY2d 606 [2002]).

*peals Trib. of State of N.Y.*, 86 NY2d 165, 178-179 [1995], *cert denied* 516 US 989 [1995]). Moreover, "it was incumbent upon petitioner[ ] to come forward with evidence establishing that [he] traded exclusively with Native Americans residing on Indian reservations and had no income 'derived from or connected with New York sources' (Tax Law § 631 [former (a)]), including income earned from 'a business, trade, profession or occupation carried on in this [S]tate' (Tax Law § 631 [former (b) (1) (B)])" (*Matter of Attea v Tax Appeals Trib.*, 288 AD2d at 702). In that regard, although petitioner argues that all state transactional record-keeping requirements are inapplicable to Indian traders due to preemption by federal law in this area, it is now well established that "Indian traders are not wholly immune from state regulation that is reasonably necessary to the assessment or collection of lawful state taxes" (*Department of Taxation & Finance of N.Y. v Milhelm Attea & Bros.*, 512 US 61, 75 [1994]; *cf. Warren Trading Post Co. v Arizona Tax Comm'n*, 380 US 685, 691 [1965]). Thus, having filed a New York nonresident tax return in which he allocated a portion of his federal adjusted gross income to New York, petitioner was required to produce books and records sufficient to establish the correctness of the amount allocated (*see* Tax Law § 697 [b] [1]; 20 NYCRR 158.1 [a]).

As noted by respondent Commissioner of Taxation and Finance, petitioner's licenses authorized him to sell cigarettes and tobacco products only to Native Americans at the St. Regis and Tuscarora Indian Reservations. Nevertheless, while petitioner produced documents indicating that he imported and shipped tobacco products to Indian reservations, these records included no books of original entry for his business, such as sales journals, general ledgers, balance sheets, expense receipts, income statements or bank statements. In light of these deficiencies, the Tribunal was again unable to substantiate that the sales made by petitioner actually took place on reservations and were made to qualified tribal members—as required by petitioner's Indian trader licenses—or to formulate any allocation of what percentage of petitioner's sales might be tax exempt. Accordingly, as in the prior proceeding, we conclude that petitioner failed to meet his "heavy burden of demonstrating by clear and convincing evidence that [his] business traded exclusively with Native Americans and maintained no presence in this State," and we will not disturb the Tribunal's determination (*Matter of Attea v Tax Appeals Trib.*, 288 AD2d at 703).

Finally, petitioner has not established by clear and cogent evidence that the taxes imposed were violative of the US Constitu-

tion (*see Matter of Zelinsky v Tax Appeals Trib. of State of N.Y.*, 1 NY3d 85, 91, 96-97 [2003], *cert denied* 541 US 1009 [2004]). Petitioner's remaining arguments have been considered and found to be lacking in merit.

Rose, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.