In the Matter of MICHAEL MacLEOD, Petitioner, v ROBERT L. MEGNA, as Commissioner of Taxation and Finance, et al., Respondents. [905 NYS2d 376]—

McCarthy, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was the president and sole shareholder of MJM Studios of New York, Inc., a New Jersey company that specialized in fabricating and constructing architectural enhancements to buildings in several states. Respondent Department of Taxation and Finance notified petitioner that it would be conducting a field audit and required petitioner to make all of MJM's records available. Petitioner responded that he could not provide the records because they were in the possession of a bankruptcy trustee in New Jersey. After the Department's auditor made an unsuccessful attempt to contact the bankruptcy trustee and several more requests to petitioner for the records, the auditor calculated an estimated sales and use tax assessment based on deposits in MJM's bank records, adjusted through reliance on MJM's franchise tax returns to include only New York sales. The assessed amount was reduced following a conciliation conference. Petitioner filed a petition for administrative review. Following a hearing, at which the Department agreed to further reduce the assessment, the Administrative Law Judge (hereinafter ALJ) sustained the reduced tax assessment. Petitioner sought review from respondent Tax Appeals Tribunal, which affirmed the ALJ's determination. This proceeding ensued.

The Tribunal properly affirmed the tax assessment against petitioner.[1] Petitioner was subject to a statutory presumption that all money MJM received for its products and services was taxable, with the burden on petitioner to establish by clear and convincing evidence that the money was not taxable and the tax assessment was erroneous (*see* Tax Law § 1132 [c] [1]; *Matter of Attea v Tax Appeals Trib.*, 64 AD3d 909, 910 [2009], *appeal dismissed* 13 NY3d 830 [2009], *cert denied* 559 US —, 130 S Ct 2403 [2010]; *Matter of Clapes v Tax Appeals Trib. of State of N.Y.*, 34 AD3d 1092, 1093-1094 [2006], *appeal dismissed* 8 NY3d 975 [2007]). The Tax Law imposes sales tax upon the receipts from retail sales of tangible personal property, as well as from installation, maintenance, servicing or repair of tangible personal property (*see* Tax Law § 1105 [a], [c] [3]). An exemption applies for the sale or installation of tangible personal property that will constitute a capital improvement as defined in the Tax Law (*see* Tax Law § 1105 [c] [3] [iii]; § 1115 [a] [17]; *see also* Tax Law § 1101 [b] [9] [i] [defining capital improvement]).

Petitioner failed to meet his burden of proving that the capital improvement exemption applies so as to render MJM's sales

---

1. Petitioner does not contest that, due to his position with MJM and the company's insolvency, he is responsible for the tax assessed against MJM (*see* Tax Law § 1131 [1]; § 1133 [a]).

nontaxable. Petitioner did not provide the auditor with exemption certificates, contracts or other records to indicate that MJM's work on construction projects constituted capital improvements (cf. *Matter of Attea v Tax Appeals Trib.*, 64 AD3d at 911).[2] Although the records were in the possession of a bankruptcy trustee who would not release the originals, there was no evidence that petitioner attempted to obtain copies of those documents. Petitioner's representative admitted that petitioner did not file an objection when the Bankruptcy Court issued a notice of abandonment concerning MJM's documents. Had an objection been filed, petitioner presumably could have obtained those documents and presented them at the hearing. Even without any documents, petitioner could have testified at the hearing to explain his company's operations. Instead, petitioner relied on the testimony of his representative who had no specific knowledge of MJM's activities with regard to any of the projects during the audit period.

Considering the lack of documentation from petitioner, the Department was required to select a reasonably accurate method to determine the tax assessment "from such information as may be available," which could include an estimate based on external indices (Tax Law § 1138 [a] [1]; *see Matter of Estate of Manno v State of N.Y. Tax Commn.*, 147 AD2d 805, 807 [1989], *lv denied* 74 NY2d 610 [1989], *appeal dismissed* 75 NY2d 864 [1990], *cert denied* 498 US 813 [1990]). The use of an otherwise acceptable audit method is not rendered unreasonable merely because "a different audit methodology might provide a more precise estimate of tax liability" (*Matter of Petak v Tax Appeals Trib. of State of N.Y.*, 217 AD2d 807, 809 [1995]; *see Matter of Shukry v Tax Appeals Trib. of State of N.Y.*, 184 AD2d 874, 875-876 [1992]). While this Court has acknowledged that an auditor's personal observations could be used as part of a reasonable method of tax assessment (*see Matter of Petak v Tax Appeals Trib. of State of N.Y.*, 217 AD2d at 809), such an approach is not required and the Department has no obligation to make site visits to construction projects when conducting an audit of a contractor. The auditor here, relying on the presumption of taxability, considered deposits in MJM's bank accounts as taxable sales and discounted the total amount by the percentage of out-of-state projects as calculated from MJM's franchise tax returns. This method produced a reasonable estimate based on external indices, namely records from a disinterested third-

---

**2.** We note that when petitioner did provide partial documentation for one project at the hearing, the Department immediately reduced the tax assessment accordingly.

party bank (*cf. Matter of Cook v Tax Appeals Trib. of State of N.Y.*, 222 AD2d 962, 964 [1995]).

We will not address petitioner's argument that the auditor double counted some deposits. That contention is unpreserved for our review, as petitioner failed to raise it at the hearing and his representative stated that petitioner had no argument with regard to the accuracy of the mathematical calculations (*see Matter of Estate of Manno v State of N.Y. Tax Commn.*, 147 AD2d at 806). Because petitioner failed to establish that MJM's sales were exempt from taxation or that the Department imposed an erroneous assessment, and substantial evidence supports the determination that the Department used a reasonable method to calculate the assessment, the Tribunal correctly affirmed the ALJ's determination sustaining the tax assessment (*see Matter of McKee v Commissioner of Taxation & Fin.*, 2 AD3d 1077, 1078 [2003], *lv denied* 2 NY3d 701 [2004]; *Matter of Petak v Tax Appeals Trib. of State of N.Y.*, 217 AD2d at 809).

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.