Matter of Mayo v New York State Div. of Tax Appeals, Tax Appeals Trib. (2019 NY Slip Op 03705)





Matter of Mayo v New York State Div. of Tax Appeals, Tax Appeals Trib.


2019 NY Slip Op 03705


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

525172

[*1]In the Matter of MYRA MAYO, Petitioner,
v
NEW YORK STATE DIVISION OF TAX APPEALS, TAX APPEALS TRIBUNAL, et al., Respondents.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Myra Mayo, New York City, petitioner pro se.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Commissioner of Taxation and Finance, respondent.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal partially sustaining notices of deficiency of personal income tax imposed under Tax Law article 22.
Petitioner reported tens of thousands of dollars in losses from her photography business on her federal personal income tax returns for, as is relevant here, the years 2009, 2010 and 2011. She referenced those returns in claiming the business losses on her state personal income tax returns for the same years. Her state returns were flagged by the audit division of the Department of Taxation and Finance (hereinafter the Department) as part of an inquiry into what appeared to be a pattern of individuals claiming false business losses. In January 2013, the Department issued statements of proposed audit changes for the 2009, 2010 and 2011 returns, advising that it could not verify the claimed losses and was disallowing them. The statements notified petitioner of the assessment, interest and penalty amounts due and invited her to provide an explanation with documentation "to substantiate the business loss claimed" if she disagreed with the proposed changes. She did not document the losses, and the Department issued notices of deficiency for the years of 2009, 2010 and 2011.
Petitioner challenged the notices of deficiency and petitioned the Division of Tax Appeals for a redetermination. Following a hearing, an Administrative Law Judge sustained the notices. Respondent Tax Appeals Tribunal affirmed that determination in relevant part, and this CPLR article 78 proceeding ensued.
Petitioner, as the party attacking the notices of deficiency, was required to "establish by clear and convincing evidence that the selected [audit] method and the resulting assessment was unreasonable" (Matter of Rodriguez v Tax Appeals Trib. of the State of N.Y., 82 AD3d 1302, 1306 [2011], lv denied 17 NY3d 702 [2011]; see Tax Law § 689 [e]; Matter of Levin v Gallman, [*2]42 NY2d 32, 34 [1977]; Matter of Revere v Commissioner of Taxation & Fin., 75 AD3d 860, 861 [2010]). The Tribunal found that she had not done so and, as long as that "determination is rationally based and is supported by substantial evidence, it must be confirmed, even if a different conclusion would not have been unreasonable" (Matter of Toronto Dominion Holdings [U.S.A.], Inc. v Tax Appeals Trib. of the State of N.Y., 162 AD3d 1255, 1257 [2018], lv denied 32 NY3d 907 [2018]; see Matter of Sznajderman v Tax Appeals Trib. of the State of N.Y., 168 AD3d 55, 61 [2019]).
A tax examiner testified at the administrative hearing that the notices of deficiency were mailed after "an examination of [petitioner's] return[s]" — including a review of the returns by Department staff and a spurned invitation in the statements of proposed audit changes for petitioner to document the claimed business losses — showed "a deficiency of income tax" (Tax Law § 681 [a]). The open-ended language of Tax Law § 681 (a) leaves it to the Department "to determine what specific standards and procedures [were] most suitable" in examining a given return, and the Tribunal reasonably found that language on the Department's website and in various audit documents did not demonstrate the impropriety of the method it chose here (Matter of Mercy Hosp. of Watertown v New York State Dept. of Social Servs., 79 NY2d 197, 204 [1992]). Petitioner never documented the business losses that she claimed to have suffered, notwithstanding her obligation to maintain records "sufficient to" establish their existence (20 NYCRR 158.1 [a]; see Tax Law § 658 [a]). She therefore "failed to demonstrate that the deficiency assessment [or the method that led to it] was improper[,] and there is substantial evidence in the record to support" the Tribunal's determination (Matter of Scarpulla v State Tax Commn., 120 AD2d 842, 843 [1986]; see Matter of Mera v Tax Appeals Trib. of State of N.Y., 204 AD2d 818, 821 [1994]; Matter of Giuliano v Chu, 135 AD2d 893, 895-896 [1987]).
Petitioner was advised of her right to submit supporting documentation before the notices of deficiency were issued, engaged in conciliation proceedings and was afforded a hearing before the Division of Tax Appeals, providing her "the opportunity to be heard in a meaningful manner at a meaningful time" required as a matter of due process (Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 260 [2010], cert denied 562 US 1108 [2010]; see Matter of Mulderig v New York State Dept. of Taxation & Fin., 55 AD3d 1159, 1160-1161 [2008]). Her remaining contentions, to the extent that they are properly before us, have been examined and are devoid of merit.
Garry, P.J., Egan Jr., Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.