Matter of M&Y Devs. Inc. v Tax Appeals Trib. of the State of N.Y. (2022 NY Slip Op 04600)

Matter of M&Y Devs. Inc. v Tax Appeals Trib. of the State of N.Y.

2022 NY Slip Op 04600

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533346
[*1]In the Matter of M & Y Developers Inc., Petitioner,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Hodgson Russ LLP, Buffalo (Timothy P. Noonan of counsel), for petitioner.
Letitia James, Attorney General, Albany (Owen Demuth of counsel), for Commissioner of Taxation and Finance, respondent.

Egan Jr., J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments imposed under Tax Law articles 28 and 29.
Petitioner is a New York corporation that performs general contracting and concrete placement work for construction projects, including the building of concrete foundations and the installation of concrete sidewalks, driveways and walkways. In December 2016 and February 2017, petitioner filed applications for a refund of sales and use tax it had paid to its concrete suppliers between 2013 and 2016, arguing that it had purchased a nontaxable service, the installation of capital improvements to real property, rather than a taxable delivery of concrete. The applications were denied and, following a hearing, an Administrative Law Judge upheld the denials. Respondent Tax Appeals Tribunal affirmed, prompting petitioner to commence this CPLR article 78 proceeding.
We confirm. Sales tax is imposed upon "[t]he receipts from every retail sale of tangible personal property" (Tax Law § 1105 [a]), with retail sale specifically defined to include any "sale of any tangible personal property to a contractor, subcontractor or repairman for use or consumption in erecting structures or buildings, or building on, or otherwise adding to, altering, improving, maintaining, servicing or repairing real property, property or land" (Tax Law § 1101 [b] [4] [i]). Sales tax is also due upon "[t]he receipts from every sale" of services involving the "install[ation] [of] tangible personal property" (Tax Law § 1105 [c] [3]), meaning "the physical affixation of tangible personal property to other tangible personal property or to real property" (20 NYCRR 531.2 [f]). As such, a contractor's purchase of concrete for use at a construction site would generally be subject to sales tax.
The purchase would be exempt from sales tax, however, if it was not for the concrete itself and was instead for the service of "installing property which, when installed, will constitute an addition or capital improvement to real property, property or land" (Tax Law § 1105 [c] [3] [iii]; see Tax Law § 1101 [b] [9]; 20 NYCRR 541.1 [c]; 541.2). The question is, accordingly, whether petitioner paid its concrete suppliers to install a capital improvement, defined as "[a]n addition or alteration to real property which: . . . [s]ubstantially adds to the value of the real property, or appreciably prolongs the useful life of the real property; . . . [b]ecomes part of the real property or is permanently affixed to the real property so that removal would cause material damage to the property or article itself; and . . . [i]s intended to become a permanent installation" (Tax Law § 1101 [b] [9] [i]; see 20 NYCRR 527.7 [a] [3] [i]). As the party seeking to establish that its otherwise taxable purchase fell within that exemption, petitioner bore the burden of demonstrating [*2]that the concrete suppliers were tasked with installing a capital improvement (see Tax Law § 1132 [c] [1]; Matter of Zuckerman v Tax Appeals Trib. of the State of N.Y., 174 AD3d 1073, 1076 [2019]; Matter of Shuai Yin v State of N.Y. Dept. of Taxation & Fin., 151 AD3d 1497, 1498 [2017]; Matter of MacLeod v Megna, 75 AD3d 928, 929 [2010]).
In that regard, the hearing testimony of petitioner's own president left little doubt that it was petitioner's employees or its subcontractors, and not its concrete suppliers, who were installing capital improvements. Petitioner's president testified, in particular, that petitioner's employees or subcontractors performed all preparatory work for the installation, doing necessary excavation work, building the formwork and flatwork to shape the poured concrete and installing rebar and other supports for it. The concrete suppliers would prepare the amount and type of concrete required, arrive at the site, and pour or pump the concrete into the areas that had been prepared. Petitioner then did "anything that need[ed] to be done" to ensure that the poured concrete would form the structure contemplated by the project specifications, such as smoothing the concrete and installing keys, details or lines in the concrete before it set, and petitioner bore responsibility for correcting any problems with the final product. The hearing testimony accordingly reflected that the concrete suppliers were paid to provide the concrete that petitioner then used to install a capital improvement, and that point is confirmed by the numerous invoices in the record showing that petitioner was charged for concrete purchases rather than installation services (compare Matter of Midland Asphalt Corp. v Chu, 136 AD2d 851, 852-853 [1988], lv denied 72 NY2d 806 [1988]). The foregoing constituted substantial evidence for the Tribunal's determination that petitioner had failed to meet its burden of showing its payments to the concrete suppliers to be nontaxable and, thus, that determination will not be disturbed (see Matter of Zuckerman v Tax Appeals Trib. of the State of N.Y., 174 AD3d at 1074; Matter of MacLeod v Megna, 75 AD3d at 929-930).
Petitioner's remaining contentions, to the extent not addressed above, have been examined and are lacking in merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.